## STATE OF CONNECTICUT *v.* ALBERT LOPEZ
### (SC 17618)

Borden, Norcott, Katz, Palmer and Vertefeuille, Js.

Argued February 8—officially released April 3, 2007

*Lisa J. Steele,* special public defender, for the appellant (defendant).

*Susann E. Gill,* senior assistant state's attorney, with whom, on the brief, were *Jonathan C. Benedict,* state's attorney, and *Margaret E. Kelley,* senior assistant state's attorney, for the appellee (state).

*Opinion*

PER CURIAM. The defendant, Albert Lopez, was convicted on charges of robbery in the first degree in violation of General Statutes § 53a-134 (a) (4),[1] unlawful restraint in the second degree in violation of General Statutes § 53a-96 (a) and larceny in the sixth degree in violation of General Statutes §§ 53a-119 and 53a-125b. On Lopez' appeal to the Appellate Court, the majority of the court affirmed the judgment of conviction. *State* v. *Lopez,* 93 Conn. App. 257, 274, 889 A.2d 254 (2006). We granted Lopez' petition for certification to appeal limited to the following question: "Whether the Appellate Court properly concluded that there was sufficient evidence to support the jury's verdict convicting [Lopez] of robbery in the first degree in violation of . . . § 53a-134 (a) (4)?"[2] *State* v. *Lopez,* 277 Conn. 919, 919–20, 895 A.2d 791 (2006). We affirm the judgment of the Appellate Court.

---

[1] We note that the judgment file identifies Lopez' conviction under § 53a-134 (a) (2), which we attribute to a scrivener's error.

[2] General Statutes § 53a-134 (a) provides in relevant part: "A person is guilty of robbery in the first degree when, in the course of the commission of the crime of robbery as defined in section 53a-133 or of immediate flight therefrom, he or another participant in the crime . . . (4) displays or threatens the use of what he represents by his words or conduct to be a pistol, revolver, rifle, shotgun, machine gun or other firearm . . . ."

The opinion of the Appellate Court sets forth the following facts and procedural history. "At approximately 10 p.m. on December 9, 2003, the victim, Cecile Lawrence, a University of Bridgeport security officer, was walking to her place of employment via Park Avenue. The weather was cold, and the victim wore a winter coat over her uniform. As she crossed Atlantic Street, she heard someone approaching from behind. She turned and saw two men, whom she subsequently identified as [a codefendant, Clifton E.] Kennedy and Lopez. Kennedy ordered the victim to give him her money or he would 'do [her].' The victim described Kennedy as being very upset. He repeatedly threatened her by stating, '[G]ive me your money or I'll do you right here.' The victim told Kennedy that she had no money, but he persisted, stating that he knew that she had money. The victim was afraid that she would be shot. She perceived an odor of alcohol on Kennedy and Lopez and believed that both men had been drinking.

"The victim was wearing a backpack. Kennedy pulled on the backpack forcing the shoulder straps to draw the victim's arms behind her. This permitted Lopez to unzip the victim's coat, rummage through her outer and inner coat pockets and the pocket of her shirt. Lopez removed the victim's keys, reading glasses and identification. Kennedy continued to threaten the victim by stating that he would 'do [her]' then if she did not give them her money. Lopez informed him, however, that the victim did not have any money and told Kennedy not to 'do her.' Kennedy and Lopez took the victim's backpack with its contents and told the victim to walk away and not to look back. As the victim walked away, Kennedy again threatened her, stating, 'Do not turn around or I'll do you.'

"The victim walked to the campus security office, which was about one and one-half blocks away. She met her supervisor, Jermaine Alston, who was operating

a campus security vehicle, and informed him that she had been mugged. Alston told the victim to get into the vehicle, and they drove around the area looking for the perpetrators of the robbery. The victim described the perpetrators as a black man and a Hispanic man. Alston and the victim saw two men going through a backpack on Atlantic Street. The victim recognized them as the men who had robbed her. Alston stopped the vehicle and got out. Kennedy ran away. Lopez began to walk away, refusing to answer Alston's question about where he had gotten the backpack. Alston scuffled with Lopez and subdued him until the police arrived and took Lopez into custody. Kennedy was apprehended by the police a few blocks from the scene.

"Most of the victim's belongings were recovered, except her cellular telephone, which was valued at approximately $200. After Kennedy and Lopez were taken into custody, the victim identified them as the men who had robbed her. She also identified them in court. Alston identified Lopez in court, as well, but he could not identify Kennedy.

"Both [Kennedy and Lopez] were charged with robbery in the first degree, unlawful restraint in the second degree and larceny in the sixth degree. Their cases were consolidated for trial on June 16, 2004. The jury returned verdicts of guilty on October 6, 2004. [Kennedy and Lopez each] received a total effective sentence of eleven years in the custody of the commissioner of correction and three years of probation." *State* v. *Lopez*, supra, 93 Conn. App. 260–61.

Lopez claimed on appeal to the Appellate Court that there was insufficient evidence to support his conviction of robbery in the first degree.[3] Id., 259. He argued

---

[3] Lopez also claimed that there was insufficient evidence to sustain his conviction of unlawful restraint in the second degree; *State* v. *Lopez*, supra, 93 Conn. App. 267; that his conviction of robbery in the first degree and unlawful restraint in the second degree violated the constitutional prohibition against double jeopardy; id., 271; and that the trial court improperly

that the meaning of the words " 'do you' " is too vague to be construed as a threat to shoot the victim, particularly when there was no evidence that either Lopez or Kennedy had a firearm. Id., 263. In a divided opinion, the Appellate Court rejected this claim. Id., 263–67. This certified appeal followed.

After examining the record on appeal and fully considering the briefs and arguments of the parties, we conclude that the judgment of the Appellate Court should be affirmed. The thoughtful and comprehensive majority opinion of the Appellate Court properly resolved the issue in this certified appeal. Further discussion by this court would serve no useful purpose. See, e.g., *State* v. *Butler*, 255 Conn. 828, 830, 769 A.2d 697 (2001).

The judgment of the Appellate Court is affirmed.

denied his motion for a mistrial. Id., 269. The Appellate Court rejected those claims; id., 267–74; and those rulings are not at issue in this certified appeal.