IAN WRIGHT *v.* COMMISSIONER OF CORRECTION
(AC 27956)

Flynn, C. J., and Gruendel and Robinson, Js.

Submitted on briefs January 4—officially released March 11, 2008

*Christopher Y. Duby*, special public defender, filed a brief for the appellant (petitioner).

*Frederick W. Fawcett*, supervisory assistant state's attorney, filed a brief for the appellee (respondent).

*Opinion*

PER CURIAM. The petitioner, Ian Wright, appeals from the judgment of the habeas court denying his petition for a writ of habeas corpus. On appeal, the petitioner claims that the court improperly concluded that he had not been deprived of the effective assistance of counsel at any stage of the proceedings. Because the petitioner has failed to furnish an adequate record for review, we affirm the judgment of the habeas court.

The petitioner was convicted, following a jury trial, of murder in violation of General Statutes § 53a-54a, as enhanced by General Statutes § 53-202k, and carrying a pistol or revolver without a permit in violation of General Statutes § 29-35. He was sentenced to a total effective term of thirty-five years incarceration. His conviction was affirmed on direct appeal. *State* v. *Wright*, 77 Conn. App. 80, 822 A.2d 940, cert. denied, 266 Conn. 913, 833 A.2d 466 (2003). Thereafter, the petitioner filed a petition for a writ of habeas corpus, in which he alleged that he was deprived of the effective representation of trial and appellate counsel as guaranteed by the sixth amendment to the United States constitution. The petition came before the habeas court on April 5 and May 3, 2006. After admitting various documents into evidence, including the transcript of the petitioner's criminal trial, and hearing testimony from two members of the Bridgeport police department as well as the petitioner's trial and appellate counsel, the court denied the petition.

In its memorandum of decision, the court concluded that the petitioner did not suffer any prejudice as a result of the actions or inactions of trial counsel, and, therefore, it was not necessary to consider whether trial counsel's performance was deficient.[1]

---

[1] "In order . . . to prevail on a constitutional claim of ineffective assistance of counsel, [the petitioner] must establish both (1) deficient performance, and (2) actual prejudice. . . . Thus, he must establish not only that his counsel's performance was deficient, but that as a result thereof he

As to the petitioner's claim of ineffective assistance of appellate counsel, the court did not discuss the merits of that claim but simply stated that "the petitioner has not been deprived of the effective assistance of counsel in any respect at any stage of the proceedings." The court granted the petition for certification to appeal to this court on July 28, 2006.

On December 20, 2006, the petitioner moved for articulation, requesting that the court articulate the factual basis for its decision.[2] The court denied the petitioner's motion for articulation. The petitioner failed to file a motion for review with this court. See Practice Book §§ 66-5 and 66-7.[3]

---

suffered actual prejudice, namely, that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. . . . Because both prongs . . . must be established for a habeas petitioner to prevail, a court may dismiss a petitioner's claim if he fails to meet either prong." (Citations omitted; internal quotation marks omitted.) *King* v. *Commissioner of Correction*, 73 Conn. App. 600, 602–603, 808 A.2d 1166 (2002), cert. denied, 262 Conn. 931, 815 A.2d 133 (2003).

[2] The petitioner specifically requested that the habeas court articulate the following: (1) whether he was represented ineffectively when trial counsel failed to move for a bill of particulars with respect to one count of the operative information, (2) whether he was represented ineffectively when trial counsel failed to move the court to dismiss the charge of accessory to murder if the state did not plead in the information all of the essential elements of the crime, (3) whether he was represented ineffectively when trial counsel failed to object to the court's instruction concerning circumstantial evidence, (4) whether he was represented ineffectively when appellate counsel failed to file a reply brief to correct a misstatement of fact in the state's appellate brief and (5) whether he was represented ineffectively when appellate counsel failed to include within the appellate brief any argument concerning any variance between the actions alleged in the operative information and the court's instruction on accessorial liability.

[3] Practice Book § 66-5 provides in relevant part: "The sole remedy of any party desiring the court having appellate jurisdiction to review the trial court's decision on the motion filed pursuant to this section or any other correction or addition ordered by the trial court during the pendency of the appeal shall be by motion for review under Section 66-7. . . ."

Practice Book § 66-7 provides in relevant part: "Any party aggrieved by the action of the trial judge as regards . . . articulation under Section 66-5 may, within ten days of the issuance of notice of the order sought to be reviewed, make a written motion for review to the court, to be filed with

The habeas court did not address the specific factual findings underlying its conclusion in the memorandum of decision, and the petitioner failed to request review of the court's denial of his motion for articulation. Because the court's memorandum of decision is devoid of any findings or analysis on the issue and the petitioner did not seek review of the denial of his motion for articulation, the record is inadequate and we cannot review his claim. See *Bowden* v. *Commissioner of Correction*, 93 Conn. App. 333, 342, 888 A.2d 1131, cert. denied, 277 Conn. 924, 895 A.2d 796 (2006). In *Adorno* v. *Commissioner of Correction*, 66 Conn. App. 179, 783 A.2d 1202, cert. denied, 258 Conn. 943, 786 A.2d 428 (2001), we stated that "[i]t is the appellant's burden to provide an adequate record for review. . . . It is, therefore, the responsibility of the appellant to move for an articulation or rectification of the record where the trial court has failed to state the basis of a decision . . . to clarify the legal basis of a ruling . . . or to ask the trial judge to rule on an overlooked matter." (Citation omitted; internal quotation marks omitted.) Id., 188 n.3. In the present case, the petitioner has failed to request review of the court's denial of his motion for articulation, resulting in an inadequate record and thus preventing appellate review of the merits of his claim.

The judgment is affirmed.

the appellate clerk, and the court may, upon such a motion, direct any action it deems proper. . . ."