STATE OF CONNECTICUT *v.* JOHN MERRITT RE
(AC 29001)

Bishop, Gruendel and Peters, Js.

Argued September 23—officially released December 9, 2008

*Lisa J. Steele*, special public defender, for the appellant (defendant).

*Margaret Gaffney Radionovas*, senior assistant state's attorney, with whom, on the brief, were *Jonathan C. Benedict*, state's attorney, and *Marc R. Durso*, assistant state's attorney, for the appellee (state).

*Opinion*

BISHOP, J. The defendant, John Merritt Re, appeals from the judgment of conviction, rendered after a jury trial, of manslaughter in the second degree with a motor vehicle in violation of General Statutes § 53a-56b (a), manslaughter in the second degree in violation of General Statutes § 53a-56 (a) (1), operating a motor vehicle while under the influence of intoxicating liquor or drugs in violation of General Statutes § 14-227a (a) (1) and operating a motor vehicle while under the influence of intoxicating liquor or drugs in violation of General Statutes § 14-227a (a) (2). On appeal, the defendant claims that his constitutional right not to be placed in double jeopardy was violated as a result of his conviction and sentencing on all four charges. We affirm in part and reverse in part the judgment of the trial court.

On April 6, 2005, the defendant was in an automobile accident that resulted in a fatality. On October 27, 2006, by way of a long form substitute information, the defendant was charged with the four offenses of which he was ultimately convicted. On December 14, 2006, the court sentenced the defendant to nine years incarceration for manslaughter in the second degree with a motor vehicle; six years, execution suspended, with five years probation for manslaughter in the second degree, with

special conditions, to run consecutively to the sentence on count one; six months for operating a motor vehicle while under the influence of intoxicating liquor or drugs to run concurrently with counts one and two; and six months for operating a motor vehicle while under the influence of intoxicating liquor or drugs, to run concurrently with counts one and two; for a total effective sentence of fifteen years, execution suspended after nine years, with five years probation. This appeal followed.

Conceding that he failed to preserve his double jeopardy claims, the defendant seeks review pursuant to the tenets of *State* v. *Golding*, 213 Conn. 233, 239–40, 567 A.2d 823 (1989).[1] We will review the defendant's claims because the record is adequate for our review and the claims are of a constitutional nature.

"The double jeopardy clause of the fifth amendment to the United States constitution provides: '[N]or shall any person be subject for the same offense to be twice put in jeopardy of life or limb.' The double jeopardy clause is applicable to the states through the due process clause of the fourteenth amendment. . . . This constitutional guarantee prohibits not only multiple trials for the same offense, but also multiple punishments for the same offense in a single trial." (Citations omitted.) *State* v. *Greco*, 216 Conn. 282, 289–90, 579 A.2d 84

---

[1] Under *Golding*, "a defendant can prevail on a claim of constitutional error not preserved at trial only if *all* of the following conditions are met: (1) the record is adequate to review the alleged claim of error, (2) the claim is of constitutional magnitude alleging the violation of a fundamental right; (3) the alleged constitutional violation clearly exists and clearly deprived the defendant of a fair trial; and (4) if subject to harmless error analysis, the state has failed to demonstrate harmlessness of the alleged constitutional violation beyond a reasonable doubt." (Emphasis in original.) *State* v. *Golding*, supra, 213 Conn. 239–40. "The first two questions relate to whether a defendant's claim is reviewable, and the last two relate to the substance of the actual review." *State* v. *Jarrett*, 82 Conn. App. 489, 492 n.1, 845 A.2d 476, cert. denied, 269 Conn. 911, 852 A.2d 741 (2004).

(1990). Nevertheless, one may be convicted of multiple offenses arising from the same conduct if such an outcome is authorized by legislation. *Missouri* v. *Hunter*, 459 U.S. 359, 367–68, 103 S. Ct. 673, 74 L. Ed. 2d 535 (1983).

"Double jeopardy analysis in the context of a single trial is a two-step process. First, the charges must arise out of the same act or transaction. Second, it must be determined whether the charged crimes are the same offense. Multiple punishments are forbidden only if both conditions are met." (Internal quotation marks omitted.) *State* v. *Woodson*, 227 Conn. 1, 7, 629 A.2d 386 (1993). While the first prong requires a review of the bill of particulars, the second prong requires the application of the test set forth in *Blockburger* v. *United States*, 284 U.S. 299, 52 S. Ct. 180, 76 L. Ed. 306 (1932), "to determine whether two statutes criminalize the same offense, thus placing a defendant prosecuted under both statutes in double jeopardy . . . [and] the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not. . . . This test is a technical one and examines only the statutes, charging instruments, and bill of particulars as opposed to the evidence presented at trial." (Internal quotation marks omitted.) *State* v. *Lopez*, 93 Conn. App. 257, 272, 889 A.2d 254 (2006), aff'd, 281 Conn. 797, 917 A.2d 949 (2007).

Here, it is undisputed that the four charges of which the defendant was convicted all arise from the same act or transaction. The defendant claims that the offenses of reckless manslaughter in the second degree and manslaughter in the second degree with a motor vehicle due to intoxication are, in legal contemplation, the same offense. He makes a similar argument with respect to his conviction of two counts of operating a motor vehicle while under the influence of intoxicating

liquor or drugs. We address each of the defendant's claims in turn.

I

The defendant first claims that he cannot be convicted of both manslaughter in the second degree in violation of § 53a-56 (a) (1)[2] and manslaughter in the second degree with a motor vehicle in violation of § 53a-56b (a)[3] for the death of one person. The defendant contends that conviction of these dual charges violates his right against double jeopardy because they constitute the same offense. We disagree.

We have carefully reviewed the relevant statutory provisions at issue as well as the substitute information. As to the first count, the state was required to prove beyond a reasonable doubt that the defendant (1) operated a motor vehicle (2) while under the influence of intoxicating liquor or any drug or both, (3) caused the death of another person and (4) that such death resulted as a consequence of the effect of such liquor or drug. See General Statutes § 53a-56b (a). As to the second count, the state was required to prove that the defendant (1) engaged in reckless conduct that (2) caused the death of another person. See General Statutes § 53a-56 (a) (1). In examining and comparing the two statutes and the information with which the defendant was charged, it is apparent that each offense requires proof of elements that the other does not, namely, being under

[2] General Statutes § 53a-56 (a) provides in relevant part: "A person is guilty of manslaughter in the second degree when: (1) He recklessly causes the death of another person . . . ."

[3] General Statutes § 53a-56b (a) provides: "A person is guilty of manslaughter in the second degree with a motor vehicle when, while operating a motor vehicle under the influence of intoxicating liquor or any drug or both, he causes the death of another person as a consequence of the effect of such liquor or drug."

the influence of alcohol in count one and reckless conduct in count two.[4] Consequently, it is possible to prove one offense in the manner charged in the information without necessarily proving the other offense. Accordingly, we conclude that, under the *Blockburger* test, the offenses at issue are not the same for double jeopardy purposes.

Furthermore, there is no indication in the language of either statute, or their legislative histories, that the legislature intended that a person convicted of second degree manslaughter with a motor vehicle could not also be convicted of second degree manslaughter.[5] This court has held that because "the legislature has shown that it knows how to bar multiple punishments expressly when it does not intend such punishment . . . the absence of similar language in those statutes provides evidence that the legislature intended cumulative punishments."[6] (Internal quotation marks omitted.) *State* v. *Quint*, 97 Conn. App. 72, 80–81, 904 A.2d 216, cert. denied, 280 Conn. 924, 908 A.2d 1089 (2006).

[4] The defendant argues that the statutes are essentially the same because operating under the influence is akin to reckless conduct. The defendant has not provided, however, nor have we found, any legal authority for this argument. For example, a person who operates a motor vehicle while under the influence may be criminally negligent but not reckless. Additionally, the policies underlying each statute, one to deter driving while under the influence and the other to deter recklessness, belie the defendant's argument that the statutes criminalize the same conduct.

[5] Our Supreme Court has noted: "The legislative history [of § 53a-56b] merely indicates the legislature's intent to enhance the existing criminal penalties for causing physical injury or death when driving while intoxicated in order to deter such conduct. See 25 H.R. Proc., Pt. 9, 1982 Sess., pp. 2771–72; 25 S. Proc., Pt. 11, 1982 Sess., p. 3645. As part of those reforms, the legislature changed the crime for causing a death when driving while intoxicated from what was then a class D felony—misconduct with a motor vehicle—to a class C felony, and increased the penalty to a possible ten years imprisonment. See Public Acts 1982, No. 82-403." *State* v. *Kirsch*, 263 Conn. 390, 419, 820 A.2d 236 (2003).

[6] See, for example, General Statutes §§ 53a-55a (a), 53a-56a (a), 53a-59a (b), 53a-60a (a), 53a-60b (b), 53a-60c (b), 53a-61a (b), 53a-70a (a), 53a-72b (a), 53a-92a (a), 53a-94a (a), 53a-102a (a) and 53a-103a (a).

On the basis of the foregoing as it relates to the conviction of the manslaughter charges, we conclude that the defendant has not established that a constitutional violation clearly exists and clearly deprived him of a fair trial. Thus, this claim fails under the third prong of *Golding*.

## II

The defendant contends that his prosecution and conviction for the violations of both subdivision (1) and subdivision (2) of § 14-227a (a)[7] violated his right to be free of double jeopardy. The state concedes that the dual sentencing on those charges did violate the defendant's protection against double jeopardy, and we agree.

The state charged the defendant with violating § 14-227a (a) (1) for operating a vehicle while under the influence of alcohol and § 14-227a (a) (2) for operating a vehicle while his blood alcohol content was elevated. Although the charges in question appear to pass the *Blockburger* test in that each requires proof of a fact that the other does not, "[t]he *Blockburger* test is a rule of statutory construction, and because it serves as a means of discerning [legislative] purpose the rule should not be controlling where, for example, there is a clear indication of contrary legislative intent." *State v. Kirsch*, 263 Conn. 390, 421–22, 820 A.2d 236 (2003). In this instance, there is such an indication. The legislative history reflects that the two subdivisions of § 14-227a (a) describe alternative means for committing the same offense of illegally operating a motor vehicle while

---

[7] General Statutes § 14-227a (a) provides in relevant part: "No person shall operate a motor vehicle while under the influence of intoxicating liquor or any drug or both. A person commits the offense of operating a motor vehicle while under the influence of intoxicating liquor or any drug or both if such person operates a motor vehicle (1) while under the influence of intoxicating liquor or any drug or both, or (2) while such person has an elevated blood alcohol content. . . ."

under the influence of intoxicating liquor or drugs. In other words, the two subdivisions provide for different methods of proof of the same offense and, significantly, the legislature clearly indicated that an individual could not be punished under both subdivisions of the statute without violating double jeopardy. See 28 H.R. Proc., Pt. 30, 1985 Sess., pp. 10,853–54, 10,878–82; Conn. Joint Standing Committee Hearings, Judiciary, Pt. 6, 1985 Sess., pp. 1815–16. Thus, even though the alternate subdivisions of § 14-227a (a) contain different statutory elements, the clear legislative intent that one may not be punished under both subdivisions for the same conduct trumps the *Blockburger* analysis. Consequently, because the defendant's right to protection from double jeopardy regarding his sentencing on two counts of operating a motor vehicle while under the influence of intoxicating liquor or drugs was violated, he prevails because he has satisfied the third prong of *Golding*.

The judgment is reversed in part and the case is remanded with direction to combine the conviction of two counts of operating a motor vehicle while under the influence of intoxicating liquor and to resentence the defendant on one count of operating a motor vehicle while under the influence of intoxicating liquor. The judgment is affirmed in all other respects.

In this opinion the other judges concurred.