## ALBERT LOPEZ *v.* COMMISSIONER OF CORRECTION
### (AC 30201)

DiPentima, Robinson and Sullivan, Js.

Argued December 2, 2009—officially released March 2, 2010

*Rosemarie T. Weber*, special public defender, for the appellant (petitioner).

*Linda Currie-Zeffiro,* assistant state's attorney, with whom, on the brief, were *John C. Smriga,* state's attorney, *Jonathan C. Benedict,* former state's attorney, and *Gerard P. Eisenman,* senior assistant state's attorney, for the appellee (respondent).

*Opinion*

DiPENTIMA, J. The petitioner, Albert Lopez, appeals from the judgment of the habeas court following its denial of his petition for certification to appeal from the denial of his amended petition for a writ of habeas corpus. The petitioner claims that the court abused its discretion when it denied certification to appeal and improperly rejected his claim that his trial counsel had rendered ineffective assistance. Specifically, the petitioner asserts that his trial counsel rendered ineffective assistance by (1) failing to inform the trial court of the petitioner's hearing impairment and failing to take steps to allow the petitioner to hear fully the testimony and assist in his defense and (2) failing to introduce the petitioner's coat as evidence of misidentification. We dismiss the appeal.

A jury found the petitioner guilty of robbery in the first degree in violation of General Statutes § 53a-134 (a) (4), unlawful restraint in the second degree in violation of General Statutes § 53a-96 (a), and larceny in the sixth degree in violation of General Statutes §§ 53a-119 and 53a-125b. On October 6, 2004, the court imposed a total effective sentence of eleven years incarceration followed by a period of probation. The petitioner appealed his judgment of conviction to this court, and we affirmed the judgment of the trial court. *State* v. *Lopez,* 93 Conn. App. 257, 889 A.2d 254 (2006), aff'd, 281 Conn. 797, 917 A.2d 949 (2007).

The facts and procedural history surrounding the underlying conviction were set forth in the decision of

this court disposing of the criminal appeal. "At approximately 10 p.m. on December 9, 2003, the victim, Cecile Lawrence, a University of Bridgeport security officer, was walking to her place of employment via Park Avenue. The weather was cold, and the victim wore a winter coat over her uniform. As she crossed Atlantic Street, she heard someone approaching from behind. She turned and saw two men, whom she subsequently identified as [Clifton E.] Kennedy and [the petitioner]. Kennedy ordered the victim to give him her money or he would 'do [her].' The victim described Kennedy as being very upset. He repeatedly threatened her by stating, '[G]ive me your money or I'll do you right here.' The victim told Kennedy that she had no money, but he persisted, stating that he knew that she had money. The victim was afraid that she would be shot. She perceived an odor of alcohol on Kennedy and [the petitioner] and believed that both men had been drinking.

"The victim was wearing a backpack. Kennedy pulled on the backpack forcing the shoulder straps to draw the victim's arms behind her. This permitted [the petitioner] to unzip the victim's coat, rummage through her outer and inner coat pockets and the pocket of her shirt. [The petitioner] removed the victim's keys, reading glasses and identification. Kennedy continued to threaten the victim by stating that he would 'do [her]' then if she did not give them her money. [The petitioner] informed him, however, that the victim did not have any money and told Kennedy not to 'do her.' Kennedy and [the petitioner] took the victim's backpack with its contents and told the victim to walk away and not to look back. As the victim walked away, Kennedy again threatened her, stating, 'Do not turn around or I'll do you.'

"The victim walked to the campus security office, which was about one and one-half blocks away. She met her supervisor, Jermaine Alston, who was operating

a campus security vehicle, and informed him that she had been mugged. Alston told the victim to get into the vehicle, and they drove around the area looking for the perpetrators of the robbery. The victim described the perpetrators as a black man and a Hispanic man. Alston and the victim saw two men going through a backpack on Atlantic Street. The victim recognized them as the men who had robbed her. Alston stopped the vehicle and got out. Kennedy ran away. [The petitioner] began to walk away, refusing to answer Alston's question about where he had gotten the backpack. Alston scuffled with [the petitioner] and subdued him until the police arrived and took [the petitioner] into custody. Kennedy was apprehended by the police a few blocks from the scene.

"Most of the victim's belongings were recovered, except her cellular telephone, which was valued at approximately $200. After Kennedy and [the petitioner] were taken into custody, the victim identified them as the men who had robbed her. She also identified them in court. Alston identified [the petitioner] in court, as well, but he could not identify Kennedy.

"Both [Kennedy and the petitioner] were charged with robbery in the first degree, unlawful restraint in the second degree and larceny in the sixth degree. Their cases were consolidated for trial on June 16, 2004. The jury returned verdicts of guilty on October 6, 2004. [Kennedy and the petitioner each] received a total effective sentence of eleven years in the custody of the commissioner of correction and three years of probation." Id., 260–61.

On April 18, 2008, the petitioner filed an amended petition for a writ of habeas corpus, claiming, inter alia, that his counsel was ineffective in failing to introduce the petitioner's coat into evidence, failing to inform the court that he was hearing impaired and preventing him

from assisting in his defense. On April 18, 2008, at the habeas trial, the court heard testimony from the petitioner and Lawrence.[1] The petitioner submitted five exhibits, including the transcript of the underlying trial, and the respondent, the commissioner of correction, submitted two exhibits.

On July 2, 2008, the court denied the petition for a writ of habeas corpus and issued a memorandum of decision. Subsequently, on July 21, 2008, the court denied the petitioner's petition for certification to appeal. This appeal followed.

We consider the petitioner's claim that the habeas court improperly denied his petition for certification to appeal. The standard of review is well settled. When confronted with a denial of certification to appeal, we must determine whether this ruling constituted an abuse of discretion. *Simms* v. *Warden*, 230 Conn. 608, 612, 646 A.2d 126 (1994). "[I]f the petitioner can show an abuse of discretion, he must then prove that the decision of the habeas court should be reversed on its merits." (Internal quotation marks omitted.) *Farnum* v. *Commissioner of Correction*, 118 Conn. App. 670, 674, 984 A.2d 1126 (2009), cert. denied, 295 Conn. 905, 989 A.2d 119 (2010).

"To prove an abuse of discretion, the petitioner must demonstrate that the [resolution of the underlying claim involves issues that] are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further." (Internal quotation marks omitted.) Id. "We examine the petitioner's underlying claim . . . to determine whether the habeas court abused its discretion in denying the petition for certification to appeal. . . . In a habeas appeal, this court cannot disturb the underlying facts found by

[1] Attorney David Abbamonte, the public defender who represented the petitioner at the criminal trial, was deceased at the time of the habeas trial.

the habeas court unless they are clearly erroneous, but our review of whether the facts as found by the habeas court constituted a violation of the petitioner's constitutional right to effective assistance of counsel is plenary." *Coney* v. *Commissioner of Correction*, 117 Conn. App. 860, 865, 982 A.2d 220, cert. denied, 294 Conn. 924, 985 A.2d 1061 (2009).

"In *Strickland* v. *Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the United States Supreme Court enunciated the two requirements that must be met before a petitioner is entitled to reversal of a conviction due to ineffective assistance of counsel. First, the [petitioner] must show that counsel's performance was deficient. . . . Second, the [petitioner] must show that the deficient performance prejudiced the defense. . . . Unless a [petitioner] makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversarial process that renders the result unreliable. . . . A reviewing court need not address both components of the inquiry if the [petitioner] makes an insufficient showing on one." (Citation omitted; internal quotation marks omitted.) Id.

To demonstrate prejudice, a petitioner must prove that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." (Internal quotation marks omitted.) *Ledbetter* v. *Commissioner of Correction*, 275 Conn. 451, 458, 880 A.2d 160 (2005), cert. denied sub nom. *Ledbetter* v. *Lantz*, 546 U.S. 1187, 126 S. Ct. 1368, 164 L. Ed. 2d 77 (2006).

With this standard in mind, we conclude that the habeas court correctly determined that the petitioner failed to demonstrate that his defense was prejudiced by his trial counsel's failure to inform the trial court of the petitioner's hearing impairment and to introduce

the coat into evidence. We further conclude that the court did not abuse its discretion in denying the petition for certification to appeal.

I

First, the petitioner asserts that his counsel provided ineffective assistance by failing to inform the trial court of the petitioner's hearing impairment and failing to take steps to allow him to hear fully the testimony in order to assist in his defense. We conclude that the record is inadequate to review the petitioner's claim on this issue.

The respondent claims that the record is inadequate to show that the petitioner was deprived of a fair trial because no factual finding was made that the petitioner was hearing impaired at the time of his criminal trial. "We cannot render a decision without first having specific findings of fact to determine the basis of the court's ruling." (Internal quotation marks omitted.) *Carter* v. *Commissioner of Correction*, 109 Conn. App. 300, 307, 950 A.2d 619 (2008). The habeas court did not address the specific factual findings underlying its conclusion in the memorandum of decision, and the petitioner failed to file a motion for articulation. See Practice Book § 66-5. Because the court's memorandum of decision addresses the issue of prejudice without first making any factual findings or analysis on the factual issue presented,[2] and the petitioner did not file a motion for articulation, the record is inadequate. See *Bowden* v. *Commissioner of Correction*, 93 Conn. App. 333, 342, 888 A.2d 1131, cert. denied, 277 Conn. 924, 895 A.2d 796 (2006). "[I]t is the appellant's burden to provide an

[2] The court determined that "[w]ithout considering whether this amounts to deficient performance, the petitioner has failed to establish prejudice resulting from his attorney's conduct. . . . [H]e did not identify at the habeas trial any specific input or assistance he would have been able to provide had he been able to hear all the testimony at trial."

adequate record for review. . . . It is, therefore, the responsibility of the appellant to move for an articulation or rectification of the record where the trial court has failed to state the basis of a decision . . . to clarify the legal basis of a ruling . . . or to ask the trial judge to rule on an overlooked matter." (Internal quotation marks omitted.) *Wright* v. *Commissioner of Correction*, 106 Conn. App. 342, 345, 942 A.2d 438, cert. denied, 289 Conn. 901, 957 A.2d 875 (2008). Accordingly, we cannot review the petitioner's claim.

## II

Next, the petitioner alleges that his counsel provided ineffective assistance by failing to introduce the coat that the petitioner claimed he was wearing at the time of the crimes as evidence of misidentification. In its memorandum of decision, the habeas court found that the petitioner had offered no evidence other than his testimony that the coat presented at the habeas trial was actually the coat that he was wearing on the night of the robbery. The court determined that "the petitioner has failed to demonstrate prejudice because the jury would not likely have been swayed by the introduction of his coat into evidence. [Trial counsel] did elicit the discrepancies in the description of the petitioner's coat in his examination of [Sergeant] Alston and Officers Christopher Stepniewski and Michael Fiumidinisi, to no avail. Kennedy . . . had also pursued this tack and sought to discredit witnesses by highlighting differences in the description of his coat among them. Kennedy also introduced his coat into evidence. This apparently was not enough to dissuade the jury from convicting Kennedy of the same charges as the petitioner, and Kennedy even had a marginally stronger claim of misidentification because he was apprehended somewhat farther away when Sergeant Alston was busy with the petitioner. Therefore, it is highly unlikely the jury would have found the petitioner's coat persuasive

enough to reach a different verdict." Our review of the record supports the conclusion of the habeas court that the petitioner did not present any credible evidence demonstrating that his trial counsel's failure to introduce the coat into evidence prejudiced the petitioner.

Therefore, upon our examination of the record, as well as the court's resolution of the issues presented in the habeas petition, we are not persuaded that the court abused its discretion in denying the petition for certification to appeal. The petitioner has not demonstrated that the issues presented are debatable among jurists of reason, that a court could resolve the issues in a different manner or that the questions are adequate to deserve encouragement to proceed further. See *Simms* v. *Warden*, supra, 230 Conn. 616.

The appeal is dismissed.

In this opinion the other judges concurred.