STATE OF CONNECTICUT *v.* RONALD MORALES
(AC 30360)

Bishop, Beach and Peters, Js.

Argued February 11—officially released June 15, 2010

*Heather M. Wood*, assistant public defender, for the appellant (defendant).

*James M. Ralls*, senior assistant state's attorney, with whom, on the brief, were *John A. Connelly*, state's attorney, and *Terence D. Mariani* and *Amy Sedensky*, senior assistant state's attorneys, for the appellee (state).

*Opinion*

BEACH, J. The defendant, Ronald Morales, appeals from the judgment of conviction rendered after he pleaded guilty under the *Alford* doctrine[1] to attempt to possess narcotics with intent to sell by a person who is not drug-dependent in violation of General Statutes §§ 21a-278 (b) and 53a-49 (a) (2), conspiracy to commit robbery in the first degree in violation of General Statutes §§ 53a-48 (a) and 53a-134 (a) (2), and accessory to robbery in the first degree with a deadly weapon in violation of General Statutes §§ 53a-8 (a) and 53a-134 (a) (2). The defendant claims that the court (1) violated his rights to due process and the assistance of counsel when it told him to file a pro se motion to withdraw

---

[1] See *North Carolina* v. *Alford*, 400 U.S. 25, 37, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970).

his guilty plea after his initial counsel's appearance was withdrawn but before substitute counsel was appointed, and (2) improperly denied his motion to withdraw his guilty plea. We affirm the judgment of the trial court.

The record reveals the following facts and procedural history. The defendant was arrested in connection with a robbery and assault that had occurred in June, 2005, in Waterbury. The defendant subsequently filed a motion to suppress a statement that he had made to the police while in custody, and on March 16, 2006, the court, *O'Keefe, J.*, granted the defendant's motion on the ground that the statement had been obtained in violation of his *Miranda* rights.[2] Also on that date, the state nolled the charges against the defendant because two witnesses essential to its case were missing.

In June, 2006, the defendant was rearrested and recharged. On January 3, 2008, the defendant pleaded guilty under the *Alford* doctrine to attempt to possess narcotics with intent to sell by a person who is not drug-dependent, conspiracy to commit robbery in the first degree and accessory to robbery in the first degree with a deadly weapon. On May 14, 2008, the defendant moved to withdraw his plea. After a hearing on the motion on June 17, 2008, the court, *Fasano, J.*, denied the motion. The court subsequently imposed a total effective sentence of twenty years, execution suspended after ten years, with five years probation. This appeal followed. Additional facts will be set forth as necessary.

I

The defendant first claims that he was denied his rights to due process and the assistance of counsel

---

[2] See *Miranda* v. *Arizona*, 384 U.S. 436, 478–79, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966).

under the federal constitution[3] when the court told him to file a pro se motion to withdraw his guilty plea after his initial counsel's appearance was withdrawn but before substitute counsel was appointed. The defendant concedes on appeal that his claims were not preserved at trial but, nevertheless, seeks to prevail under *State* v. *Golding*, 213 Conn. 233, 239–40, 567 A.2d 823 (1989).[4] We review the defendant's claim because the record is adequate for review and the defendant's right to counsel is of constitutional magnitude. See *State* v. *Gaston*, 86 Conn. App. 218, 229, 860 A.2d 1253 (2004), cert. denied, 273 Conn. 901, 867 A.2d 840 (2005).

The following additional facts are relevant. After a new prosecution was initiated against the defendant in June, 2006, Auden Grogins was appointed as the defendant's counsel in July, 2006. After the defendant pleaded guilty under the *Alford* doctrine, he wrote a letter to the court in February, 2008, seeking to withdraw his plea. At a hearing held on April 30, 2008, the court stated, with respect to the defendant's letter: "So, your claims are that you wish to withdraw your plea. . . . There's no formal motion. You need . . . to file a formal motion." The court asked if the basis of the

[3] The defendant also claims that his rights under article first, § 8, of the Connecticut constitution were violated. Because the defendant has not set forth a separate state constitutional analysis pursuant to *State* v. *Geisler*, 222 Conn. 672, 684–86, 610 A.2d 1225 (1992), we deem that claim abandoned and analyze the defendant's claim under the requirements of the United States constitution. See *State* v. *Simpson*, 286 Conn. 634, 651 n.17, 945 A.2d 449 (2008).

[4] *State* v. *Golding*, supra, 213 Conn. 239–40, provides that "a defendant can prevail on a claim of constitutional error not preserved at trial only if *all* of the following conditions are met: (1) the record is adequate to review the alleged claim of error; (2) the claim is of constitutional magnitude alleging the violation of a fundamental right; (3) the alleged constitutional violation clearly exists and clearly deprived the defendant of a fair trial; and (4) if subject to harmless error analysis, the state has failed to demonstrate harmlessness of the alleged constitutional violation beyond a reasonable doubt." (Emphasis in original.)

defendant's request to withdraw his plea was ineffective assistance. The defendant answered the court's question affirmatively. The court stated that in this situation the defendant should be represented by a different attorney and asked if the defendant had one in mind, but the defendant stated that he did not. The court noted that defense counsel had spoken with Alan McWhirter, a special public defender, for that purpose. The court then stated: "[I]n the meantime, you should file a motion entitled motion to withdraw your plea; state your grounds as clearly and concisely as you can. I anticipate there will be an attorney to represent you at that time." The court then continued the matter until May 14, 2008, and informed the defendant to "[m]ake sure to get this formal motion in and state exactly what you're claiming now."

On May 14, 2008, the court appointed substitute counsel, Richard Marquette, a special public defender. Marquette requested a thirty day continuance, which the court granted. The defendant then filed his pro se motion to withdraw his plea. The defendant filed a second pro se motion to withdraw his plea dated June 5, 2008. On June 17, 2008, the court held a hearing on the motion to withdraw the plea, the basis of which was ineffective assistance by Grogins. During the hearing, the defendant was represented by Marquette. After hearing testimony from the defendant and from Grogins, the court denied the motion.

Because the parties focus their arguments on the fourth prong of *Golding*, harmless error, and in light of our disposition of this case, we need not decide whether the third prong of *Golding*, clear constitutional error, is satisfied.[5] As to the harmless error prong, the defendant argues that the court, by requiring him to

---

[5] "In the absence of any of the [four prongs of *Golding*], the defendant's claim will fail." *State* v. *Golding*, supra, 213 Conn. 240.

file a pro se motion to withdraw his plea, committed structural error, which is not subject to harmless error analysis. We disagree.

"In considering the nature of a claimed constitutional violation, although typically such violations are reviewed for harmless error, there is a limited class of violations that we review for structural error. Structural [error] cases defy analysis by harmless error standards because the entire conduct of the trial, from beginning to end, is obviously affected . . . . These cases contain a defect affecting the framework within which the trial proceeds, rather than simply an error in the trial process itself. . . . Such errors infect the entire trial process . . . and necessarily render a trial fundamentally unfair . . . . Put another way, these errors deprive defendants of basic protections without which a criminal trial cannot reliably serve its function as a vehicle for determination of guilt or innocence . . . and no criminal punishment may be regarded as fundamentally fair." (Internal quotation marks omitted.) *State* v. *Dalton*, 100 Conn. App. 227, 230 n.3, 917 A.2d 613, cert. denied, 282 Conn. 913, 924 A.2d 139 (2007).

The court's order requiring the defendant to file a pro se motion based on ineffective assistance of counsel prior to the appointment of substitute counsel is not structural error. An error is structural "only when the error renders a trial fundamentally unfair and is not susceptible to a harmless error analysis . . . ." (Internal quotation marks omitted.) *State* v. *Brown*, 279 Conn. 493, 509–10, 903 A.2d 169 (2006). The claimed error involved here does not require automatic reversal because it is not an error that fundamentally infects the entire trial process and defies analysis of its specific impact.

The defendant cannot prevail under the fourth prong of *Golding* because the error, if any, was harmless. The

defendant argues that his pro se motion to withdraw included claims on which he was not likely to prevail and presented meritorious claims that were inartfully expressed. The contents of the pro se motion to withdraw, however, were not binding on the defendant. On the same day that the defendant filed his pro se motion, the court appointed Marquette as the defendant's substitute counsel. Marquette represented the defendant during the hearing on the motion to withdraw. The defendant, with the assistance of counsel, could have filed an amended motion to withdraw or withdrawn the motion. The motion was considered on its merits, and no portions of the motion were used against the defendant. Accordingly, there was no prejudice, and any possible error was harmless.

## II

The defendant next claims that the court improperly denied his motion to withdraw his guilty plea because his plea was not knowingly and voluntarily made due to Grogins' deficient performance. He claims that Grogins' performance was deficient in that she erroneously advised him that he was unlikely to prevail on a motion to suppress information gained from a search of his cellular telephones and statements made by his co-defendants and that she subsequently failed to make such a motion. The defendant further contends that as a result of Grogins' incorrect understanding of the viability of the suppression claims, she mistakenly advised him that he had no chance of prevailing if he went to trial. We decline to review the defendant's claim for lack of an adequate record.

"Practice Book § [39-27] specifies circumstances under which a defendant may withdraw a guilty plea after it has been entered. [O]nce entered, a guilty plea cannot be withdrawn except by leave of the court, within its sound discretion, and a denial thereof is

reversible only if it appears that there has been an abuse of discretion. . . . The burden is always on the defendant to show a plausible reason for the withdrawal of a plea of guilty. . . .

"[A] claim of ineffective assistance of counsel is generally made pursuant to a petition for a writ of habeas corpus rather than in a direct appeal. . . . Section 39-27 of the Practice Book, however, provides an exception to that general rule when ineffective assistance of counsel results in a guilty plea. A defendant must satisfy two requirements . . . to prevail on a claim that his guilty plea resulted from ineffective assistance of counsel. . . . First, he must prove that the assistance was not within the range of competence displayed by lawyers with ordinary training and skill in criminal law. . . . Second, there must exist such an interrelationship between the ineffective assistance of counsel and the guilty plea that it can be said that the plea was not voluntary and intelligent because of the ineffective assistance." (Citation omitted; internal quotation marks omitted.) *State* v. *Sutton*, 95 Conn. App. 139, 145–46, 895 A.2d 805, cert. denied, 278 Conn. 920, 901 A.2d 45 (2006).

At the defendant's hearing on the motion to withdraw his plea, the court concluded that there was no evidence of ineffective assistance of counsel. The court, however, made no specific factual findings regarding the claim that the defendant is making on appeal. Although the court found that Grogins had advised the defendant regarding the suppression of evidence as a result of the illegal confession, it made no findings regarding whether Grogins' advice was deficient. Specifically, the court did not make findings regarding whether constitutional violations had occurred so as to render the evidence at issue inadmissible. We cannot render a decision without first having specific findings of fact to determine the basis of the court's ruling. The court

did not address the specific factual findings underlying its conclusion in the memorandum of decision, and the defendant failed to file a motion for articulation. See Practice Book § 66-5. Accordingly, the record is inadequate. "[I]t is the appellant's burden to provide an adequate record for review. . . . It is, therefore, the responsibility of the appellant to move for an articulation or rectification of the record where the trial court has failed to state the basis of a decision . . . to clarify the legal basis of a ruling . . . or to ask the trial judge to rule on an overlooked matter." (Internal quotation marks omitted.) *Wright* v. *Commissioner of Correction*, 106 Conn. App. 342, 345, 942 A.2d 438, cert. denied, 289 Conn. 901, 957 A.2d 875 (2008). Accordingly, we cannot review the defendant's claim.

The judgment is affirmed.

In this opinion the other judges concurred.