RONALD HALL *v.* COMMISSIONER
OF CORRECTION
(AC 31377)

DiPentima, C. J., and Lavine and Hennessy, Js.

---

Argued September 3—officially released November 2, 2010

*Edward G. McAnaney*, special public defender, for the appellant (petitioner).

*Kathryn Ward Bare*, assistant state's attorney, with whom, on the brief, were *Michael Dearington*, state's attorney, and *David Clifton*, deputy assistant state's attorney, for the appellee (respondent).

*Opinion*

HENNESSY, J. The petitioner, Ronald Hall, appeals from the judgment of the habeas court following its denial of his petition for certification to appeal from

the denial of his amended petition for a writ of habeas corpus. The petitioner claims that the court abused its discretion when it denied his petition for certification to appeal, and improperly denied his amended petition for a writ of habeas corpus by concluding that he had received effective assistance from his trial counsel and that his guilty plea was voluntary, knowing and intelligent.[1] We are not persuaded that the court abused its discretion by denying the petition for certification to appeal. We therefore dismiss the petitioner's appeal.

The following facts and procedural history are relevant to our resolution of the petitioner's appeal. On January 24, 2006, in accordance with a plea agreement, the petitioner pleaded guilty to one count of possession of narcotics with intent to sell in violation of General Statutes § 21a-278 (b), and, under the *Alford* doctrine,[2] to one count of assault in the second degree in violation of General Statutes § 53a-60. During the plea canvass, the petitioner affirmed that he was satisfied with his trial counsel's legal representation and that he had spoken with his trial counsel about the plea agreement. On February 24, 2006, in accordance with the plea agreement, the petitioner received a total effective sentence of seven and one-half years of incarceration with a five year mandatory minimum to serve. The petitioner never challenged the validity of his plea on direct appeal.

---

[1] The petitioner also claims that the defense of procedural default by the respondent, the commissioner of correction, was unavailing. The respondent, in his return to the petitioner's amended petition for a writ of habeas corpus, asserted the defense of procedural default, claiming that the petitioner could have raised the issues of the ineffective assistance of his trial counsel and the validity of the guilty plea at the time of sentencing or on direct appeal. The habeas court did not expressly address the issue of procedural default in its oral decision and decided the amended petition for habeas corpus on the merits.

[2] See *North Carolina* v. *Alford*, 400 U.S. 25, 37–39, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970).

On April 9, 2009, the petitioner filed an amended petition for a writ of habeas corpus, alleging ineffective assistance of trial counsel. Specifically, the petitioner alleged that his trial counsel rendered ineffective assistance by failing to advise him, before he pleaded guilty, that he would not be eligible for parole until he had served 85 percent of his sentence.

The habeas trial commenced on July 16, 2009. During those proceedings, the petitioner testified that it was his understanding that by entering into the plea agreement, he would be eligible for parole after he had served 50 percent of his sentence. Both the petitioner and his trial counsel, however, testified that they did not recall discussing the issue of parole eligibility. The petitioner also testified that he would not have entered into the plea agreement if he had known that he would not be eligible for parole until he had served 85 percent of his sentence. Later that same day, the habeas court rendered judgment denying the petitioner's amended petition for a writ of habeas corpus. The petitioner then sought, and was denied, a petition for certification to appeal from the judgment of the habeas court. This appeal followed. Additional facts relevant to the petitioner's appeal will be set forth as necessary.

We consider the petitioner's claim that the habeas court improperly denied his petition for certification to appeal. "The standard of review is well settled. When confronted with a denial of certification to appeal, we must determine whether this ruling constituted an abuse of discretion. . . . [I]f the petitioner can show an abuse of discretion, he must then prove that the decision of the habeas court should be reversed on its merits. . . .

"To prove an abuse of discretion, the petitioner must demonstrate that the [resolution of the underlying claim involves issues that] are debatable among jurists of

reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further. . . . We examine the petitioner's underlying claim . . . to determine whether the habeas court abused its discretion in denying the petition for certification to appeal. . . . In a habeas appeal, this court cannot disturb the underlying facts found by the habeas court unless they are clearly erroneous, but our review of whether the facts as found by the habeas court constituted a violation of the petitioner's constitutional right to effective assistance of counsel is plenary." (Citations omitted; internal quotation marks omitted.) *Lopez* v. *Commissioner of Correction*, 119 Conn. App. 606, 610–11, 988 A.2d 901, cert. denied, 295 Conn. 920, 991 A.2d 565 (2010).

The petitioner first contends that the habeas court improperly rejected his claim of ineffective assistance of counsel. Specifically, the petitioner contends that his defense was prejudiced due to his trial counsel's failure to advise him of his parole eligibility under the plea agreement. We are not persuaded.

"[T]he governing legal principles in cases involving claims of ineffective assistance of counsel arising in connection with guilty pleas are set forth in *Strickland* [v. *Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)] and *Hill* [v. *Lockhart*, 474 U.S. 52, 106 S. Ct. 366, 88 L. Ed. 2d 203 (1985)]. [According to] *Strickland*, [an ineffective assistance of counsel] claim must be supported by evidence establishing that (1) counsel's representation fell below an objective standard of reasonableness, *and* (2) counsel's deficient performance prejudiced the defense because there was a reasonable probability that the outcome of the proceedings would have been different had it not been for the deficient performance. . . . The first prong requires a

showing that counsel made errors so serious that counsel was not functioning as the counsel guaranteed . . . by the [s]ixth [a]mendment. . . . Under . . . *Hill* . . . which . . . modified the prejudice prong of the *Strickland* test for claims of ineffective assistance when the conviction resulted from a guilty plea, the evidence must demonstrate that there is a reasonable probability that, but for counsel's errors, [the petitioner] would not have pleaded guilty and would have insisted on going to trial. . . . In its analysis, a reviewing court may look to the performance prong or to the prejudice prong, and the petitioner's failure to prove either is fatal to a habeas petition." (Emphasis in original; internal quotation marks omitted.) *Gudino* v. *Commissioner of Correction*, 123 Conn. App. 719, 723–24, 3 A.3d 134 (2010).

With this standard in mind, we conclude that the habeas court correctly determined that the petitioner did not prove that his defense was prejudiced by his trial counsel's failure to advise him regarding his parole eligibility. The court found that "[t]he petitioner certainly was facing serious charges . . . . The petitioner . . . pursuant to a plea agreement . . . was to receive a total sentence of seven and one-half years to serve with a five year minimum mandatory on all of the charges. It is clear, crystal clear, that [the petitioner's trial counsel] did not misadvise petitioner as to his parole eligibility. While there's no dispute as to whether there was a discussion of parole eligibility between [the petitioner's trial counsel] and the petitioner, the sole evidence on that point is testimony by the petitioner, which is uncontradicted except by [the petitioner's trial counsel] in regard to what his normal practice is, and the petitioner made it quite clear in his testimony that there was no discussion regarding parole eligibility in the counseling that led up to the decision to accept the plea agreement. It's clear, then, that the issue of parole eligibility did not play a part, certainly was not the

centerpiece of any plea agreement that the petitioner entered into with the state. . . . [While] it may well be a better practice to ensure that clients understand as much as possible about parole eligibility . . . there's been no evidence cited in the form of expert testimony or no cases cited to the effect that an attorney is required to advise the client regarding parole eligibility. Consequently, this court cannot find that the failure to do so renders what is otherwise good representation unconstitutional."

Our review of the record supports the habeas court's factual findings and its conclusion that the petitioner's defense was not prejudiced by his trial counsel's failure to advise him regarding his parole eligibility. The petitioner has therefore failed to satisfy the prejudice prong of the *Strickland-Hill* test.

The petitioner next contends that his trial counsel's failure to advise him regarding his parole eligibility renders his plea invalid as it was not entered intelligently, voluntarily and knowingly. The petitioner, relying on *Hernandez* v. *Commissioner of Correction*, 82 Conn. App. 701, 846 A.2d 889 (2004), argues that his trial counsel's failure to advise him regarding his parole eligibility is the equivalent of gross misadvice and that the habeas court should have granted his amended petition for habeas corpus on that basis. We disagree.

Before addressing the defendant's argument, we review the law governing guilty pleas. "Guilty pleas must be intelligent, voluntary and knowing. . . . A defendant must be aware of all direct consequences of his plea." (Internal quotation marks omitted.) *Williams* v. *Commissioner of Correction*, 120 Conn. App. 412, 418, 991 A.2d 705, cert. denied, 297 Conn. 915, 996 A.2d 279 (2010). "[T]he scope of direct consequences is very narrow. . . . In Connecticut, the direct consequences

of a defendant's plea include only the mandatory minimum and maximum possible sentences . . . the maximum possible consecutive sentence . . . the possibility of additional punishment imposed because of previous conviction(s) . . . and the fact that the particular offense does not permit a sentence to be suspended. . . . The failure to inform a defendant as to all possible indirect and collateral consequences does not render a plea unintelligent or involuntary in a constitutional sense." (Internal quotation marks omitted.) *Toles* v. *Commissioner of Correction*, 113 Conn. App. 717, 727 n.5, 967 A.2d 576, cert. denied, 293 Conn. 906, 978 A.2d 1114 (2009); see also Practice Book § 39-19.

It is true, as the petitioner contends, that where trial counsel has rendered gross misadvice on the issue of parole eligibility, and a defendant has relied on that misadvice in entering a guilty plea, the plea is invalid as it was neither voluntary nor intelligent. See *Hernandez* v. *Commissioner of Correction*, supra, 82 Conn. App. 709. The petitioner's reliance on *Hernandez*, however, is misplaced.

In *Hernandez*, this court concluded that the petitioner's plea was not intelligent, voluntary and knowing. Id. The court based its conclusion, in part, on the habeas court's determination that the petitioner had demonstrated that his trial counsel's advice regarding his parole eligibility was deficient. Id. During the habeas proceedings, the petitioner had testified that his trial counsel had advised him that he would be eligible for parole after he had served 50 percent of his sentence. Id., 703. The petitioner's testimony was corroborated by the testimony of his trial counsel. Id. The court also based its conclusion on its determination that the petitioner, but for his trial counsel's deficiencies, would not have entered a plea of nolo contendere. Id., 709. During the habeas proceedings, the petitioner testified that the only reason that he accepted the plea agreement

was that he believed that he would be eligible for parole, and that had he known that he would not be eligible for parole, he would not have entered a plea of nolo contendere and would have proceeded to trial. Id., 703.

*Hernandez* is readily distinguishable from the present case. Here, the habeas court explicitly found that the "[petitioner's trial counsel] did not misadvise petitioner as to his parole eligibility." Indeed, both the petitioner and his trial counsel testified that they could not recall ever discussing the petitioner's parole eligibility. We agree, therefore, with the habeas court's finding that the issue of parole eligibility did not play a part, certainly not a substantial part, in the petitioner's decision to enter into the plea agreement. It is for that reason that we conclude that the court correctly determined that the petitioner's plea was not rendered unintelligent, involuntary and unknowing due to the alleged ineffective assistance of his trial counsel.

Therefore, upon our examination of the record and the court's resolution of the issues presented in the amended habeas petition, we are not persuaded that the court abused its discretion by denying the petition for certification to appeal. The petitioner has not demonstrated that the issues presented are debatable among jurists of reason, that a court could resolve the issues differently, or that the questions presented warrant encouragement to proceed further. See *Simms* v. *Warden*, 230 Conn. 608, 616, 646 A.2d 126 (1994); *Lopez* v. *Commissioner of Correction*, supra, 119 Conn. App. 614.

The appeal is dismissed.

In this opinion the other judges concurred.