DOUGLAS DAVIS *v.* COMMISSIONER
OF CORRECTION
(AC 34360)

DiPentima, C. J., and Alvord and Sullivan, Js.

Argued September 11—officially released December 31, 2013

*Aaron J. Romano,* assigned counsel, for the appellant (petitioner).

*James A. Killen,* senior assistant state's attorney, with whom, on the brief, were *Michael Dearington,* state's attorney, and *Adrienne Maciulewski,* special deputy assistant state's attorney, for the appellee (respondent).

*Opinion*

SULLIVAN, J. The petitioner, Douglas Davis, appeals following the denial of his petition for certification to appeal the judgment of the habeas court denying his amended petition for a writ of habeas corpus. The petitioner claims that the habeas court abused its discretion in denying certification to appeal, and that it improperly rejected his claims that his trial counsel provided ineffective assistance by failing to (1) investigate the petitioner's case, (2) adequately advise the petitioner at the pretrial and postplea stages, (3) present mitigating evidence in pretrial negotiations, and (4) present mitigating evidence at sentencing. The appeal is dismissed as to the first three claims and the judgment is affirmed as to the fourth claim.

The following facts, as found by the habeas court, and procedural history are relevant to this appeal. On October 1, 2004, the petitioner and others were shooting dice and gambling in New Haven. Prior to and during the course of these events, the petitioner consumed a

significant amount of alcohol. Due to a dispute over a roll of the dice, a verbal argument erupted between the petitioner and the victim. The two began to approach each other as if to engage in a physical altercation, and the petitioner pulled a handgun out of his waistline area. According to witnesses, as the victim continued to advance toward the petitioner, the petitioner shot the victim in the abdomen area, a wound from which he later died. The petitioner consistently has maintained that the gun went off accidentally and that he did not intend to shoot the victim. The petitioner initially was charged with murder in violation of General Statutes § 53a-54a,[1] and carrying a pistol without a permit in violation of General Statutes § 29-35.[2]

Shortly after the petitioner's arraignment on the above charges, Attorney Lawrence Hopkins was appointed to represent the petitioner as a special public defender. After pretrial negotiations, on June 8, 2005, the petitioner pleaded guilty to a substitute information charging him with manslaughter in the first degree with a firearm in violation of General Statutes § 53a-55a,[3]

---

[1] General Statutes § 53a-54a (a) provides in relevant part: "A person is guilty of murder when, with intent to cause the death of another person, he causes the death of such person or of a third person or causes a suicide by force, duress or deception . . . ."

[2] General Statutes § 29-35 (a) provides in relevant part: "No person shall carry any pistol or revolver upon his or her person, except when such person is within the dwelling house or place of business of such person, without a permit to carry the same issued as provided in section 29-28. . . ."

[3] General Statutes § 53a-55a (a) provides in relevant part: "A person is guilty of manslaughter in the first degree with a firearm when he commits manslaughter in the first degree as provided in section 53a-55, and in the commission of such offense he uses, or is armed with and threatens the use of or displays or represents by his words or conduct that he possesses a pistol, revolver, shotgun, machine gun, rifle or other firearm. . . ."

General Statutes § 53a-55 (a) provides in relevant part: "A person is guilty of manslaughter in the first degree when: (1) With intent to cause serious physical injury to another person, he causes the death of such person or of a third person . . . or (3) under circumstances evincing an extreme indifference to human life, he recklessly engages in conduct which creates a grave risk of death to another person, and thereby causes the death of another person."

and possession of a pistol without a permit in violation of § 29-35. The substance of the plea agreement was that the petitioner would receive a total effective sentence of not less than twenty years incarceration and not more than twenty-five, with the prosecution and defense counsel having a right to present argument to the trial court as to the appropriate sentence within that range. A presentence investigation was ordered and completed.

A sentencing hearing was held on August 3, 2005. Following the hearing, the trial court, *Damiani, J.,* imposed a sentence of twenty years to serve, five being minimum mandatory incarceration, on the manslaughter in the first degree with a firearm charge, and a consecutive sentence of five years to serve, one year being minimum mandatory, on the possession of a pistol without a permit charge, for a total effective sentence of twenty-five years, with six years being minimum mandatory incarceration.

The petitioner filed a petition for a writ of habeas corpus challenging the legality of his detention on February 27, 2008. Following the appointment of habeas counsel, the petitioner filed an amended petition claiming ineffective assistance of trial counsel on July 5, 2011. Specifically, the petitioner made fourteen separate claims and subclaims of ineffectiveness against trial counsel. The habeas court summarized the petitioner's claims accordingly: first, in paragraphs 6a and 6b of the petitioner's amended petition, that trial counsel failed to conduct a proper investigation into the facts of the case and into possible defense witnesses; second, in paragraphs 6c–i, and 6*l*, that trial counsel failed to properly advise the petitioner as to various aspects of his case and plea agreement; and, as his final two claims, in paragraphs 6j and 6k, that trial counsel failed to present mitigating evidence on the petitioner's behalf during pretrial negotiations and on the petitioner's behalf at sentencing.

The matter was tried to the habeas court on November 7, 2011. The petitioner and his trial counsel were the only witnesses to testify. The only evidence presented by the petitioner was his own testimony. On January 17, 2012, in a written memorandum of decision, the habeas court, *Newsom, J.*, denied the petition, finding that the petitioner failed to prove that he was denied effective assistance of trial counsel under the two-pronged test set forward in *Strickland* v. *Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). The petitioner filed a petition for certification to appeal, which the habeas court denied. This appeal followed. Additional facts relevant to the petitioner's appeal will be set forth as necessary.

We begin by setting forth the standard of review and legal principles that guide our resolution of the petitioner's appeal. "Faced with the habeas court's denial of certification to appeal, a petitioner's first burden is to demonstrate that the habeas court's ruling constituted an abuse of discretion. . . . If the petitioner succeeds in surmounting that hurdle, the petitioner must then demonstrate that the judgment of the habeas court should be reversed on its merits." (Citations omitted.) *Simms* v. *Warden*, 230 Conn. 608, 612, 646 A.2d 126 (1994). A petitioner may establish that the denial of a timely request for certification constitutes an abuse of discretion by demonstrating "that the issues are debatable among jurists of reason; that a court *could* resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further." (Emphasis in original; internal quotation marks omitted.) Id., 616.

"We examine the petitioner's underlying claim[s] of ineffective assistance of counsel in order to determine whether the habeas court abused its discretion in denying the petition for certification to appeal. Our standard of review of a habeas court's judgment on ineffective

assistance of counsel claims is well settled. In a habeas appeal, this court cannot disturb the underlying facts found by the habeas court unless they are clearly erroneous, but our review of whether the facts as found by the habeas court constituted a violation of the petitioner's constitutional right to effective assistance of counsel is plenary. . . .

"In *Strickland* v. *Washington,* [supra, 466 U.S. 687] the United States Supreme Court established that for a petitioner to prevail on a claim of ineffective assistance of counsel, he must show . . . (1) that counsel's performance was deficient and (2) that the deficient performance prejudiced the defense [by establishing a reasonable probability that, but for the counsel's mistakes, the result of the proceeding would have been different]. . . . Unless a [petitioner] makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable. . . . Furthermore, [i]n a habeas corpus proceeding, the petitioner's burden of proving that fundamental unfairness has been done is not met by speculation . . . *but by demonstrable realities.*" (Citation omitted; emphasis in original; internal quotation marks omitted.) *Farnum* v. *Commissioner of Correction,* 118 Conn. App. 670, 674–75, 984 A.2d 1126 (2009), cert. denied, 295 Conn. 905, 989 A.2d 119 (2010).

"In its analysis, a reviewing court may look to the performance prong or to the prejudice prong, and the petitioner's failure to prove either is fatal to a habeas petition." (Internal quotation marks omitted.) *Hall* v. *Commissioner of Correction,* 124 Conn. App. 778, 783, 6 A.3d 827 (2010), cert. denied, 299 Conn. 928, 12 A.3d 571 (2011). The performance prong of *Strickland* "requires that the petitioner show that counsel's representation fell below an objective standard of reasonableness. . . . A fair assessment of attorney

performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. . . . [T]hat is, the [petitioner] must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." (Internal quotation marks omitted.) *J.R.* v. *Commissioner of Correction*, 105 Conn. App. 827, 832–33, 941 A.2d 348, cert. denied, 286 Conn. 915, 945 A.2d 976 (2008). "In any case presenting an ineffectiveness claim, the performance inquiry must be whether counsel's assistance was reasonable considering all the circumstances." (Internal quotation marks omitted.) *Carpenter* v. *Commissioner of Correction*, 290 Conn. 107, 118, 961 A.2d 403 (2009).

To satisfy the prejudice prong of an ineffective assistance of counsel claim, the petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland* v. *Washington*, supra, 466 U.S. 694. "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial court cannot be relied on as having produced a just result." Id., 686; see also *Gaines* v. *Commissioner of Correction*, 306 Conn. 664, 689, 51 A.3d 948 (2012); *Saunders* v. *Commissioner of Correction*, 137 Conn. App. 493, 500, 48 A.3d 728 ("[a] reasonable probability is one [that] is sufficient to undermine confidence in the result" [internal quotation marks omitted]), cert. denied, 307 Conn. 920, 54 A.3d 182 (2012).

I

The petitioner first claims that the habeas court erred in denying his claim of ineffective assistance of counsel

on the basis of its conclusion that trial counsel's failure to investigate the petitioner's case did not prejudice the petitioner, pursuant to the second prong of *Strickland.* The petitioner asserts that trial counsel failed to perform any investigation at all beyond the information provided to counsel by the prosecution; in particular, that trial counsel failed to pursue potential witnesses and to investigate whether the petitioner could assert self-defense. The petitioner further asserts that he received an additional ten years of incarceration as a result of trial counsel's alleged deficient investigation. We are not persuaded.

The petitioner first argues that prejudice in this case must be assumed because the petitioner was "wholly denied the assistance of counsel." See *Strickland* v. *Washington,* supra, 466 U.S. 692 ("[i]n certain Sixth Amendment contexts, prejudice is presumed"). In *Strickland,* the court stated that an assumption of prejudice can be made when there is "[a]ctual or constructive denial of the assistance of counsel altogether . . . various kinds of state interference with counsel's assistance," or, more narrowly, "if the defendant demonstrates that counsel actively represented conflicting interests and that an actual conflict of interest adversely affected his lawyer's performance." (Citations omitted; internal quotation marks omitted.) Id.; see also *State* v. *Vega,* 259 Conn. 374, 387, 788 A.2d 1221, cert. denied, 537 U.S. 836, 123 S. Ct. 152, 154 L. Ed. 2d 56 (2002).

The petitioner argues that trial counsel's failure to investigate his case beyond a review of the documentation provided by the prosecution constituted a complete denial of representation. While a failure to investigate may constitute deficient performance; see *Johnson* v. *Commissioner of Correction,* 285 Conn. 556, 583–84, 941 A.2d 248 (2008); the petitioner has failed to establish that trial counsel's decision not to further investigate

the petitioner's case rose to a level of actual or constructive denial of representation. See *Gaines* v. *Commissioner of Correction*, supra, 306 Conn. 680 ("[i]n any ineffectiveness case, a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments"). Accordingly, the petitioner has failed to establish that we should presume prejudice as a result of the trial counsel's alleged deficient behavior.[4]

The petitioner also argues that he was prejudiced in that he received an additional ten years of incarceration as a result of trial counsel's alleged deficient investigation. At the habeas hearing, the petitioner testified that he pointed trial counsel to conflicts within the witnesses' statements, and observed that the statements could be undermined in that the speakers might have been drinking and using drugs. The petitioner hoped that following up on this advice would have supported his contention that he was not the initial aggressor in the case. The petitioner asserts that had trial counsel followed this advice, he would have been convicted of a lesser offense, manslaughter in the second degree

---

[4] The petitioner quotes *Valeriano* v. *Bronson*, 209 Conn. 75, 83–84, 546 A.2d 1380 (1988), to assert that if "a petitioner can prove that his attorney's performance fell below acceptable standards, and that, as a result, he was deprived of a fair trial or appeal, he will necessarily have established a basis for 'cause' and will invariably have demonstrated 'prejudice.' " Contrary to the petitioner's assertion, however, this quoted analysis is not applicable to an ineffective assistance of counsel claim. Instead, this language is in reference to the cause and prejudice standard, which is distinct from the ineffective assistance of counsel claim raised by the petitioner here. See *Johnson* v. *Commissioner of Correction*, 285 Conn. 556, 567–68, 941 A.2d 248 (2008) (presenting the cause and prejudice standard as "[t]he appropriate standard for reviewability of habeas claims that were not properly raised at trial . . . or on direct appeal . . . because of a procedural default . . . . [T]he cause and prejudice test is designed to prevent full review of issues in habeas corpus proceedings that counsel did not raise at trial or on appeal for reasons of tactics, inadvertence or ignorance . . . ." [Citations omitted; internal quotation marks omitted.]).

with a firearm, exposing the petitioner to a maximum sentence of fifteen years of incarceration.

We agree with the habeas court that the petitioner has failed to establish prejudice as a result of this alleged deficient performance. "To establish prejudice, a [petitioner] must demonstrate that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." (Internal quotation marks omitted.) *Ramos* v. *Commissioner of Correction*, 67 Conn. App. 654, 665, 789 A.2d 502, cert. denied, 260 Conn. 912, 746 A.2d 558 (2002). "[I]n a habeas corpus proceeding, the petitioner's burden of proving that a fundamental unfairness had been done is not met by speculation . . . *but by demonstrable realities.*" (Citations omitted; emphasis in original; internal quotation marks omitted.) *Farnum* v. *Commissioner of Correction*, supra, 118 Conn. App. 675. Here, the petitioner failed to present to the habeas court any witness testimony or actual evidence to support his contention that the alleged undiscovered evidence would have convinced the state's attorney to reduce the charges to second degree manslaughter with a firearm.

We conclude that the habeas court did not abuse its discretion in denying the petitioner certification to appeal from its denial of this claim. The issue of whether an alleged deficient investigation prejudiced the petitioner is not debatable among jurists of reason, the court could not have resolved the issue in a different manner and there are no allegations in connection with this claim that are deserving of further review. See *Simms* v. *Warden*, supra, 230 Conn. 616.

## II

The petitioner next claims that the habeas court erred in denying his claim of ineffective assistance of counsel on the ground that the petitioner failed to establish

constitutionally deficient performance during the pretrial and postplea stages of his case. We disagree.

More specifically, the petitioner alleges that trial counsel failed to advise him as to the elements of the crimes charged against him, his exposure on each charge, the details of his guilty plea, and that he had the right to withdraw his guilty plea or to move to correct an illegal sentence. The petitioner asserts that he would have rejected the guilty plea and insisted on going to trial had he been aware that he could be sentenced to twenty-five years of incarceration. Further, the petitioner asserts that, as a result of trial counsel's alleged errors, he accepted the plea canvass, where he was informed he may receive up to twenty-five years' incarceration, "secure in the misconception that he would ultimately be sentenced to twenty years."

"[T]he governing legal principles in cases involving claims of ineffective assistance of counsel arising in connection with guilty pleas are set forth in *Strickland* [v. *Washington*, supra, 466 U.S. 668] and *Hill* [v. *Lockhart*, 474 U.S. 52, 106 S. Ct. 366, 88 L. Ed. 2d 203 (1985)]. . . . The [performance] prong [of *Strickland*] requires a showing that counsel made errors so serious that counsel was not functioning as the counsel guaranteed . . . by the [s]ixth [a]mendment. . . . Under . . . *Hill* . . . which . . . modified the prejudice prong of the *Strickland* test for claims of ineffective assistance when the conviction resulted from a guilty plea, the evidence must demonstrate that there is a reasonable probability that, but for counsel's errors, [the petitioner] would not have pleaded guilty and would have insisted on going to trial. . . . In its analysis, a reviewing court may look to the performance prong or to the prejudice prong, and the petitioner's failure to prove either is fatal to a habeas petition." (Internal quotation marks omitted.) *Hall* v. *Commissioner of Correction*, supra, 124 Conn. App. 782–83.

The habeas court found that this claim fails as a result of the petitioner's responses at his plea canvass. Specifically, the habeas court determined that "[t]he plea transcript supports a finding that the petitioner had been adequately advised by trial counsel, and that the petitioner believed that he had been given adequate time to consult with his trial counsel, as to all aspects of the plea agreement prior to entering guilty pleas." In particular, during the plea canvass, the trial court told the petitioner that he could receive up to twenty-five years incarceration.[5] While the petitioner testified before the habeas court that, despite the plea canvass, he continued to rely upon an understanding of trial counsel's representation that he would not receive more than twenty years incarceration, the habeas court found that this testimony lacked credibility in light of the petitioner's prior experience with the criminal justice system.

We agree with the habeas court that the petitioner failed to establish deficient performance in this regard. "A habeas court . . . may properly rely on the defense attorney's representations, as well as the responses of the petitioner at the time he responded to the trial court's plea canvass, in determining that he was adequately informed of the elements of the offense

[5] The following exchange occurred during the plea canvass between the trial court and the petitioner.

"The Court: And you've talked to [trial counsel] about this case, and your decision to plead guilty, Sir?

"[The Petitioner]: Yes.

"The Court: And you're satisfied with his representation?

"[The Petitioner]: Yes. . . .

"The Court: There's a ceiling of twenty-five years, which means if I wanted to give you more than twenty-five years, you could take your plea back. There's a floor of twenty years, which means it can't go below twenty. Your lawyer has a right to argue. If I give you twenty, twenty-one, twenty-two, twenty-three, twenty-four, or twenty-five, you're locked in and can't take your plea back. Do you understand that, sir?

"[The Petitioner]: Yes."

charged." *Bowers* v. *Warden*, 19 Conn. App. 440, 443, 562 A.2d 588, cert. denied, 212 Conn. 817, 565 A.2d 534 (1989). Here, the only evidence presented by the petitioner to rebut this reliance is his own testimony, whose credibility the habeas court found questionable. "The habeas judge, as the trier of facts, is the sole arbiter of the credibility of witnesses and the weight to be given to their testimony." (Internal quotation marks omitted.) *Corona* v. *Commissioner of Correction*, 123 Conn. App. 347, 351, 1 A.3d 1226, cert. denied, 299 Conn. 901, 10 A.3d 519 (2010). Accordingly, we conclude that the habeas court did not abuse its discretion in denying the petitioner certification to appeal from its denial of this claim.

### III

The petitioner next claims that the habeas court erred in denying his claim that trial counsel was ineffective in that counsel failed to present mitigating evidence in pretrial negotiations with the state's attorney. Specifically, the petitioner alleges that trial counsel could have presented witness statements that pointed to the victim as the initial aggressor, and could have called attention to facts such as the petitioner's cooperation with police upon his arrest, his intoxication at the time of the crime and lack of control over his faculties, and his willingness to accept a lengthy period of incarceration in recognition of the harm caused by his actions. The petitioner asserts that presentation of this alleged mitigating evidence would have caused the state's attorney to reduce the charge to manslaughter in the second degree with a firearm, and that, had the petitioner been aware that trial counsel did not present this mitigating evidence, he would have rejected the guilty plea and insisted on going to trial. We are not persuaded.

The habeas court held that the petitioner failed to establish deficient performance. Specifically, the

habeas court determined that "[t]he petitioner was originally charged with murder, and trial counsel's testimony, which was uncontested, was that he presented various things for the [s]tate to consider, such as the petitioner's state of intoxication, his claim that the gun fired accidentally, and other information, which resulted in the [s]tate agreeing [to] reduce that charge to manslaughter in the first degree with a firearm. The essence of the petitioner's claim was that he should have received a further reduction of charges . . . however, he failed to present any actual evidence as to what additional mitigating evidence should have been presented by trial counsel in order to obtain that result."

We find no error in the habeas court's conclusion. In accordance with *Strickland*, "[an ineffective assistance of counsel] claim must be supported by evidence establishing that . . . counsel's representation fell below an objective standard of reasonableness . . . ." (Internal quotation marks omitted.) *Hall* v. *Commissioner of Correction*, supra, 124 Conn. App. 782. A review of the record indicates that, at the habeas hearing, the petitioner failed to support his contentions that, first, trial counsel did not consider mitigating circumstances to negotiate a plea, and second, that trial counsel's performance was constitutionally deficient in actual plea negotiations, particularly in light of counsel's success in negotiating the petitioner's charge from murder to manslaughter in the first degree, and counsel's success in furthering the petitioner's goal of achieving a total effective sentence of twenty years by facilitating a plea agreement with twenty years within the available range. The petitioner has failed to establish that, "in light of all of the circumstances, the identified acts or omissions [of trial counsel] were outside the wide range of professionally competent assistance." (Internal quotation marks omitted.) *Johnson* v. *Commissioner of Correction*, supra, 285 Conn. 578. We conclude that the petitioner has not established that this

issue is debatable amongst jurists of reason, that a court could resolve the issue in a different manner, or that the question raised deserves encouragement to proceed further. See *Simms* v. *Warden*, supra, 230 Conn. 616.

## IV

Lastly, the petitioner claims that the habeas court erred in denying his claim of ineffective assistance of counsel on the basis of its conclusion that trial counsel's failure to present mitigating evidence at sentencing did not prejudice the petitioner. We agree with the petitioner that the habeas court abused its discretion in denying certification as to this claim. Nonetheless, we affirm the judgment of the habeas court.

The following additional facts are relevant to this claim. According to the plea agreement, both the prosecution and trial counsel had a right to present argument to the court as to the appropriate sentence within a range of twenty to twenty-five years incarceration. The petitioner's sentencing hearing was held on August 3, 2005. The trial court, *Damiani, J.*, opened the hearing by lamenting the death of the victim, the circumstances under which the death occurred, and remarking, "I go to different courts, Waterbury, Bridgeport, Hartford, New Haven, but it appears in New Haven, everyone . . . in town carries a gun. . . . So it's a very sad, sad situation." The trial court's introduction was such that the prosecution began by observing, "Your Honor has pretty much echoed the feeling of the state." The state then presented five of the victim's family members, including his father and two of his sisters, to testify to their loss and the impact that the victim's death had upon the family. Upon the conclusion of the family comments, the state recommended the maximum sentence under the plea agreement. The trial court then gave trial counsel his opportunity to argue for a lower sentence. Instead, trial counsel stated, "Your Honor, I

agree with everything that everybody said so far, and I don't think there's anything left to say from my part." The petitioner chose not to speak. Upon sentencing, the court stated, "There's nothing in the presentence investigation report, sir, for me to give you less than the ceiling of twenty-five years." The petitioner then received the maximum sentence under the plea agreement.

The habeas court found that trial counsel's failure to advocate for the petitioner at the sentencing hearing was deficient performance under *Strickland*. Specifically, the habeas court determined, "there can be times when refraining from saying *some* things at a contested sentencing hearing would be considered a sound strategic decision by defense counsel. . . . [D]efense counsel's job as an advocate is to make *some* effort to *advocate* on behalf of the client." (Emphasis in original.) The habeas court held, however, that the petitioner failed to establish that he was prejudiced by this deficient performance. Specifically, the habeas court found that the petitioner failed "to show that he would have obtained a sentence of less than twenty-five years, but for [trial] counsel's performance," because the petitioner's charge had already been reduced from murder to manslaughter in the first degree, and because the petitioner did not present any mitigating evidence to the habeas court that, had it been presented to the trial court, would have changed the outcome of the sentencing.

The habeas court's denial of the petitioner's petition for certification to appeal this claim was an abuse of discretion. At the sentencing hearing, trial counsel utilized his right to argue for a lesser sentence to instead affirmatively agree with the prosecution. The petitioner subsequently received the maximum sentence allowed within a range afforded under the plea agreement. The burden is on the petitioner to show "that there is a

reasonable probability that, but for the counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland* v. *Washington,* supra, 466 U.S. 694; *Gaines* v. *Commissioner of Correction,* supra, 306 Conn. 688. Here, reasonable jurists could be apprehensive as to what trial counsel could have said to make the situation better; on the other hand, reasonable jurists could also be concerned by what counsel did say in that it made the situation worse, such that a sufficient probability exists to undermine confidence in the outcome of the petitioner's sentencing hearing. Thus, the issue of whether trial counsel's behavior prejudiced the petitioner is "adequate to deserve encouragement to proceed further" in accordance with *Simms,* supra, 230 Conn. 616.

Because a certifiable issue exists, we now turn to the merits of the petitioner's claim of ineffective assistance of counsel at sentencing. Criminal defendants have a constitutional right to effective assistance of counsel during the sentencing stage. *State* v. *Patterson,* 236 Conn. 561, 573, 674 A.2d 416 (1996). To establish prejudice, "[i]t is not enough for the [petitioner] to show that the errors had some conceivable effect on the outcome of the proceedings." (Internal quotation marks omitted.) *Thompson* v. *Commissioner of Correction,* 131 Conn. App. 671, 691, 27 A.3d 86, cert. denied, 303 Conn. 902, 31 A.3d 1177 (2011). A claimant must demonstrate a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Id.

The petitioner has failed to establish that the habeas court incorrectly concluded that he was not prejudiced by counsel's performance, pursuant to the second prong of *Strickland.* The habeas court found that the petitioner failed to present evidence as to what trial counsel

could have said that would have changed the outcome of the sentencing. See *Sinchak* v. *Commissioner of Correction*, 126 Conn. App. 670, 681, 14 A.3d 348, cert. denied, 301 Conn. 901, 17 A.3d 1045 (2011); *Corona* v. *Commissioner of Correction*, supra, 123 Conn. App. 353–54. The respondent, the Commissioner of Correction, reiterates this argument on appeal, asserting that trial counsel had nothing to state that was not already before the trial court in the presentence investigation report, and that "the sentencing court's own comments strongly suggest that, notwithstanding its awareness of the mitigating factors emphasized by the petitioner here, the court was determined to send a message to both the petitioner and the community regarding the consequences of carrying weapons, to both the offender and victims and their families, by imposing the maximum within the agreed-upon range of potential sentences."

The petitioner first asserts that prejudice should be presumed because he was constructively denied the effective assistance of counsel, as asserted by the petitioner in the first part of this opinion. See *Strickland* v. *Washington*, supra, 466 U.S. 692. The petitioner has failed, however, to provide argument as to how he was affirmatively denied the assistance of counsel such that prejudice should be presumed. See id.; *Gaines* v. *Commissioner of Correction*, supra, 306 Conn. 687–88 (reviewing whether counsel's actions prejudiced petitioner under *Strickland*'s two-pronged standard even though counsel's actions "in no way [could] be considered sound trial strategy based on reasonable professional judgment"). The petitioner has failed to establish that we should presume prejudice as a result of trial counsel's deficient behavior.

The petitioner also asserts that "the facts of the case against the [petitioner] provided mitigation evidence"

that trial counsel could have used to reduce the petitioner's total sentence to something less than twenty-five years, and that prejudice is evidenced by the petitioner's receipt of the maximum sentence available under the plea agreement. Specifically, petitioner states that trial counsel should have drawn the trial court's attention to the fact that the petitioner pleaded guilty, thereby accepting responsibility and sparing the state the expense of trial, that the circumstances of the petitioner's case could be characterized as an "imperfect self-defense," and that the petitioner felt remorse.[6] All of these facts can be gleaned, however, from the presentence investigation report, and the record indicates that the trial court was in possession of, and read, this report, but that the trial court, nevertheless, found nothing in the report to justify a sentence less than the maximum under the plea agreement. Therefore, even if we were to conclude that this alleged mitigation evidence was presented expressly to the habeas court through the petitioner's testimony, the petitioner failed to establish that it was reasonably probable that it would have reduced his effective sentence. Compare *Copas* v. *Warden*, 30 Conn. App. 677, 684–86, 621 A.2d 1378 (reasonably probable that, had counsel been effective, outcome of sentencing hearing might have been different), cert. denied, 226 Conn. 901, 625 A.2d 1374 (1993) with *Corona* v. *Commissioner of Correction*, supra, 123 Conn. App. 353–54 ("any additional testimony at the sentencing

---

[6] The petitioner also argues that "had [trial counsel] prepared [the petitioner] to allocute, the [trial] court could have found this acceptance of responsibility as mitigation." We decline to address this argument because it was not alleged in the petition, addressed at the habeas hearing, or ruled upon by the habeas court. "This court is not bound to consider claimed errors unless it appears on the record that the question was distinctly raised . . . and was ruled upon and decided by the court adversely to the appellant's claim. . . . To review [claimed errors] now would amount to an ambuscade of the [habeas] judge." (Emphasis omitted; internal quotation marks omitted.) *Smith* v. *Commissioner of Correction*, 98 Conn. App. 690, 693, 910 A.2d 999 (2006), cert. denied, 281 Conn. 910, 916 A.2d 52 (2007).

hearing would have been cumulative and unlikely to change the sentence imposed by the court").

We are not persuaded by the petitioner's arguments as to how he was prejudiced by trial counsel's conduct at sentencing. Accordingly, we agree with the habeas court that trial counsel did not render constitutionally ineffective assistance at the petitioner's sentencing hearing because the petitioner failed to satisfy the second prong of *Strickland*.

The judgment is affirmed as to the petitioner's fourth claim. The appeal is dismissed with respect to the petitioner's other claims.

In this opinion DiPENTIMA, C. J., concurred.

ALVORD, J., concurring. I write separately because I agree with the argument of the respondent, the Commissioner of Correction, that the performance of defense counsel, Lawrence Hopkins, at the sentencing hearing was not deficient. His decision to forgo an argument regarding mitigating circumstances in an emotionally charged courtroom was a strategic decision that should have been afforded deference by the habeas court.

At the beginning of the sentencing hearing, Judge Damiani stated that he had read the presentence investigation report. Furthermore, the trial judge's familiarity with the case was evidenced by his next remark that "[w]e did, in fact, pretry this matter in great detail." Judge Damiani's preliminary remarks were followed by statements of five family members of the victim, including his father and two sisters. The remarks addressed the devastating effect, on each of their lives, wrought by the victim's death. When Hopkins was given the opportunity to argue any mitigating factors, he responded that there was nothing left to say on his part.

The petitioner likewise declined to speak. The court then told the petitioner: "If you have a conscience, sir, you have to deal with this the rest of your life. When you leave here I hope the tears and the crying will echo in your mind while you spend your lonely hours in jail."

During the habeas trial, Hopkins testified that he had been practicing law, primarily criminal defense work, for approximately twenty-five years when he undertook the representation of the petitioner. Most of his practice involved the defense of serious felony charges, including murder. When Hopkins was asked by the assistant state's attorney about his performance at the sentencing hearing, he testified: "[T]he impact of the victim's family at the sentencing hearing was quite substantial in their grief and their loss and it was very persuasive to the court under the circumstances. . . . Nothing I could have said under the circumstances was going to change what [Judge Damiani] ultimately decided to do, and so for me to really make any argument that he was already familiar with under the circumstances I thought would have been more hurtful than helpful at the time."

When the habeas court made further inquiry, Hopkins expanded on his reasons for forgoing an argument at the sentencing hearing: "The circumstance was that at the sentencing there was a large crowd of people, most of whom were related to the victim—his father, brother, sister, so on and so forth. It was one of those very emotion-packed hearings where under the circumstances and due to the fact that there was a death, you know, the emotions were running high.

"The judge was clearly affected by that fact and sympathetic to the family and sympathetic to the victim. He was fully aware of what the [petitioner's] record was and his background was through the presentence report.

"None of the facts, as presented by either the victim's family or the state, were in dispute, and so at that point the only thing I could have said would have been perfunctory and under the circumstances probably would have elicited more of a negative response from the court than a positive one, and because he was familiar with anything that I could have said, I thought it was better not to say anything under the circumstances and simply let the court make its decision based on what it knew, which was all that I knew."

From this review of the transcript, it is clear that Hopkins carefully assessed the volatile situation and made the conscious decision to forgo argument for a lesser sentence at the hearing. It was not an inadvertent omission or oversight on his part. Such a strategic decision by an experienced criminal defense attorney is precisely the type of conduct to which a habeas court should afford deference. "No particular set of detailed rules for counsel's conduct can satisfactorily take account of the variety of circumstances faced by defense counsel or the range of legitimate decisions regarding how best to represent a criminal defendant. Any such set of rules would interfere with the constitutionally protected independence of counsel and restrict the wide latitude counsel must have in making tactical decisions." *Strickland* v. *Washington*, 466 U.S. 668, 688–89, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). "Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable. . . . A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and

to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, *under the circumstances*, the challenged action might be considered sound trial strategy." (Citation omitted; emphasis added; internal quotation marks omitted.) Id., 689.

Although the judgment of the habeas court, as noted by the majority, can be affirmed on the prejudice prong of *Strickland* alone; see *Hall* v. *Commissioner of Correction*, 124 Conn. App. 778, 783, 6 A.3d 827 (2010), cert. denied, 299 Conn. 928, 12 A.3d 571 (2011); I believe that it is important to note that the petitioner also failed to prove deficient performance of counsel as required under the first prong of *Strickland*. The failure of defense counsel to speak at a defendant's sentencing hearing does not, *under all circumstances*, constitute deficient performance and may, as in the present case, be a strategic decision that is entitled to deference by a habeas court. Although the habeas court reached the right result, it improperly determined that Hopkins' representation was deficient at the sentencing hearing. For that reason alone, I write this separate concurrence.