******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

EDDY PLACIDE *v.* COMMISSIONER
OF CORRECTION
(AC 37189)

Alvord, Keller and Pellegrino, Js.

*Argued April 6—officially released August 9, 2016*

(Appeal from Superior Court, judicial district of
Tolland, Oliver, J.)

*Vishal K. Garg*, for the appellant (petitioner).

*Margaret Gaffney Radionovas*, senior assistant

state's attorney, with whom, on the brief, were *Richard J. Colangelo*, *Jr.*, state's attorney, and *Tamara A. Grosso*, assistant state's attorney, for the appellee (respondent).

*Opinion*

PELLEGRINO, J. Following a grant of certification to appeal, the petitioner, Eddy Placide, appeals from the judgment of the habeas court denying his amended petition for a writ of habeas corpus. On appeal, he claims that the habeas court (1) improperly rejected his claim that his right to due process under the federal and state constitutions was violated because his decision to enter two guilty pleas was not made knowingly, intelligently, and voluntarily, and (2) erred in denying his claim of ineffective assistance of trial counsel. We affirm the judgment of the habeas court.

The following facts and procedural history as set forth in the memorandum of decision by the habeas court are relevant to the present appeal. The petitioner was born in Port Au Prince, Haiti, and legally entered the United States in 2007 in the state of Florida. The petitioner became a legal permanent resident on August 8, 2007. On November 13, 2013, the petitioner entered guilty pleas and was sentenced for the crimes of assault in the second degree in violation of General Statutes § 53a-60 and assault in the third degree in violation of General Statutes § 53a-61. The petitioner received a total effective sentence of three years incarceration, execution suspended, followed by two years of probation. Two days after the sentencing for the two assault charges, the petitioner was arrested for another crime. He subsequently came to the attention of immigration officials, who took the petitioner into custody. On the sole basis of his conviction for assault in the second degree, the immigration court ordered the petitioner removed to Haiti. The petitioner was removed from the United States in May, 2015.

The petitioner filed an amended three count petition for a writ of habeas corpus dated June 11, 2014, after he was taken into custody by immigration officials. Counts one and two are relevant to this appeal. In count one, the petitioner alleged that his constitutional right to due process was violated because his decision to enter guilty pleas to the charges of assault in the second degree and assault in the third degree was not made knowingly, intelligently, and voluntarily due to his lack of understanding of the probability of his deportation under the terms of the plea agreement. In count two, the petitioner alleged that his trial attorney rendered ineffective assistance of counsel with respect to the guilty plea for assault in the second degree by failing to properly investigate the petitioner's immigration status, and as a result, she failed to properly advise the petitioner of the immigration consequences of pleading guilty.

The respondent, the Commissioner of Correction, denied the substance of all of the petitioner's claims in a return filed on June 11, 2014. On July 15, 2014, the

court held a habeas trial, during which the petitioner presented documentary and testimonial evidence. Relevant to the issues on appeal, the petitioner presented the testimony of his trial attorney, his own testimony, and the testimony of an expert witness. The petitioner's trial attorney testified that early in her representation of the petitioner, she reviewed his "arrest report" (Uniform Arrest Report), which indicated that the petitioner's nationality was Haitian and that he was born in Haiti. The trial attorney testified that she inquired of the petitioner's immigration status, and that the petitioner stated he was a United States citizen. Additionally, the petitioner's trial attorney testified that "in an abundance of caution," she informed the petitioner that if he was not a citizen, he could be ordered deported and removed from the United States.

The petitioner testified on his own behalf during the habeas trial and confirmed that before entering his pleas, he told his trial attorney that he was a United States citizen. The petitioner also testified that at the time of the pleas, he believed that his status as a legal permanent resident was the same as being a United States citizen for immigration purposes. Additionally, the petitioner testified that before entering his pleas, the court advised him that if he was not a United States citizen his pleas could result in his deportation. The expert witness, an expert in immigration law, testified on behalf of the petitioner that the assault in the second degree conviction was the only factual basis for the petitioner's removal to Haiti, and that in his expert opinion, the immigration consequences of the plea would have been "very foreseeable."

On August 11, 2014, the habeas court rendered judgment denying the petitioner's amended habeas petition. In the court's memorandum of decision, it determined, inter alia, that the petitioner had failed to show ineffective assistance on the basis of his trial attorney's failure to further investigate the petitioner's immigration status. The court found that his trial attorney had testified credibly, and that she made appropriate inquiry as to the petitioner's immigration status on more than one occasion. Additionally, the court found that the petitioner's trial attorney informed the petitioner of the risks of deportation despite his claims of United States citizenship. Finally, the court found the testimony of the petitioner to lack credibility, finding that "the consequences that befell the petitioner appear to be the result of his lack of candor toward his counsel and the court, not due to a lack of understanding, faulty plea canvass, or deficient performance of counsel." This appeal followed.[1] Additional facts will be set forth as necessary.

On appeal, the petitioner claims that the habeas court erred when it concluded that (1) his due process rights were not violated, and (2) that his trial attorney did not render ineffective assistance by failing to inquire further

into the petitioner's immigration status. We begin by setting forth the applicable standard of review. "The governing legal principles in cases involving claims of ineffective assistance of counsel arising in connection with guilty pleas are set forth in *Strickland* [v. *Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 647 (1984)] and *Hill* [v. *Lockhart*, 474 U.S. 52, 106 S. Ct 366, 88 L. Ed. 2d 203 (1985)]. According to [*Strickland*], [an ineffective assistance of counsel] claim must be supported by evidence establishing that (1) counsel's representation fell below an objective standard of reasonableness, *and* (2) counsel's deficient performance prejudiced the defense because there was a reasonable probability that the outcome of the proceedings would have been different had it not been for the deficient performance." (Emphasis in original; internanal quotation marks omitted.) *Hall* v. *Commissioner of Correction*, 124 Conn. App. 778, 782, 6 A.3d 827 (2010).

"In its analysis, a reviewing court may look to the performance prong or to the prejudice prong, and the petitioner's failure to prove either is fatal to a habeas petition. The prejudice inquiry in claims arising from counsel's advice during the plea process differs from the analysis of claims following conviction after trial. . . . In *Hill* v. *Lockhart*, [supra, 474 U.S. 52], the Supreme Court of the United States articulated a modified prejudice standard for cases in which the conviction has resulted from a guilty plea. . . . In order to establish prejudice in such cases, the petitioner must demonstrate that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." (Citations omitted; footnote omitted; internal quotation marks omitted.) *Delvecchio* v. *Commissioner of Correction*, 149 Conn. App. 494, 500, 88 A.3d 610, cert. denied, 312 Conn. 904, 91 A.3d 906 (2014). "It is well established that when analyzing a claim of ineffective assistance, counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." (Internal quotation marks omitted.) *Sanders* v. *Commissioner of Correction*, 83 Conn. App. 543, 551, 851 A.2d 313, cert. denied, 271 Conn. 914, 859 A.2d 569 (2004). The factual findings made by a habeas court regarding trial counsel's representation of a petitioner will not be disturbed absent a showing that they were clearly erroneous. *Banks* v. *Commissioner of Correction*, 147 Conn. App. 331, 338, 82 A.3d 658 (2013), cert. denied, 311 Conn. 916, 84 A.3d 883 (2014). The court's ultimate determination as to whether these findings satisfy the legal standard for ineffective assistance of counsel, however, is subject to plenary review. Id.

The petitioner asserts that the habeas court improperly found that his trial attorney adequately inquired into his immigration status and properly advised him of the potential immigration consequences to pleading

guilty. Specifically, he maintains that his trial attorney acted unreasonably by failing to determine accurately the petitioner's immigration status despite having materials in her possession indicating that the petitioner was born in Haiti. We are not persuaded.

The habeas court determined that the representation of the petitioner's trial attorny was not deficient relative to her questioning of the petitioner regarding his immigration status. The petitioner's trial attorney specifically asked the petitioner whether he was a United States citizen, and he responded in the affirmative. "The reasonableness of counsel's actions may be determined by or substantially influenced by the defendant's own statements or actions. Counsel's actions are usually based, quite properly, on informed strategic choices made by the defendant and on information supplied by the defendant. . . . [W]hen a defendant has given counsel reason to believe that pursuing certain investigations would be fruitless . . . counsel's failure to pursue these investigations may not later be challenged as unreasonable." *Strickland* v. *Washington*, supra, 466 U.S. 691.

The presence of information in the arrest report regarding the petitioner's nationality and place of birth was not enough to notify his trial attorney of the petitioner's true immigration status, because the petitioner himself explicitly stated that he was a citizen. Even despite the petitioner's assurances that he was a United States citizen, his trial attorney, "in an abundance of caution" informed the petitioner of the various existing immigration statuses, and warned him that if he is not in fact a United States citizen, he could be deported as a result of pleading guilty. Moreover, the trial court also warned the petitioner during the plea canvass that his guilty plea could result in deportation if he was not a citizen. On the basis of our review of the factual findings made by the habeas court, the court properly concluded that the petitioner's trial attorney had not performed below an objective standard of reasonableness. Accordingly, the petitioner's claim of ineffective assistance of counsel fails the performance prong of *Strickland*.[2]

The petitioner also asserts that the habeas court erred in finding that his due process rights were not violated and that his pleas were made knowingly, intelligently, and voluntarily. Specifically, the petitioner argues that he erroneously believed that he was a United States citizen, and as a result, he was not aware that he would face adverse immigration consequences by pleading guilty. The petitioner's due process claim is a reformulation of his ineffective assistance of counsel claim in that the petitioner argues that his pleas were not knowing, intelligent, and voluntary due directly to his trial attorney's ineffective assistance in failing to properly advise him. Because we conclude that the habeas court properly found that the petitioner's trial attorney was not

ineffective, this claim fails. Furthermore, in its memorandum of decision, the habeas court found that "the consequences that befell the petitioner appear to be the result of his lack of candor toward his counsel and the court, not due to a lack of understanding, faulty plea canvass, or deficient performance of counsel." On the basis of the habeas court's findings and our analysis of the petitioner's claim for ineffective assistance of counsel, we affirm the judgment denying the petitioner's claim for violation of due process.

The judgment is affirmed.

In this opinion the other judges concurred.

[1] The respondent filed a motion to dismiss on the basis of mootness. Both parties addressed the issue in briefs and at oral argument before this court. The record reflects that the conviction for assault in the second degree was the sole basis for the petitioner's deportation. See *State* v. *Aquino*, 279 Conn. 293, 298, 901 A. 2d 1194 (2006) (for deported petitioner to establish that appeal is not moot, must establish that underlying conviction was sole basis of deportation). Further, we are not convinced that the petitioner's other conviction for assault in the third degree would bar reentry as a crime of moral turpitude. See *St. Juste* v. *Commissioner of Correction*, 155 Conn. App. 164, 109 A.3d 523, cert. granted, 316 Conn. 901, 111 A.3d 470 (2015). The respondent argues that under 8 U.S.C. § 1229b (a), the petitioner would not be eligible for cancellation of removal because he has not met the statutory seven-year resident requirement. However, the notice to appear, which stopped the accrual of residency, was based on the petitioner's conviction for assault in the second degree. If the conviction is vacated, we are not convinced that no relief could befall the petitioner. Accordingly, we decide the case on the merits.

[2] Because the petitioner has failed to meet the performance prong of *Strickland*, we need not reach the issue of prejudice under *Hill* v. *Lockhart*, supra, 474 U.S. 52. "It is well settled that [a] reviewing court can find against a petitioner on either ground, whichever is easier." (Internal quotation marks omitted.) *Small* v. *Commissioner of Correction*, 286 Conn. 707, 713, 946 A.2d 1203, cert. denied sub nom. *Small* v. *Lantz*, 555 U.S. 975, 129 S. Ct. 481, 172 L. Ed. 2d 336 (2008).